THE NORTH CAROLINA STATE BAR, PLAINTIFF v. J. RICHARDSON RUDISILL, JR., ATTORNEY, DEFENDANT

No. COA02-1159

(Filed 5 August 2003)

**Appeal and Error— jurisdiction—appeal from State Bar**

An appeal from a grant of summary judgment for defendant by the State Bar's Disciplinary Hearing Commission was dismissed for lack of jurisdiction. The Court of Appeals' jurisdiction is limited to that provided by the General Assembly, and N.C.G.S. § 84-28(h) provides no appeal from a final order of the State Bar that does not impose discipline. The case does not present appropriate circumstances for the grant of certiorari, and Rule 2 of the Appellate Rules may not be construed to limit or extend jurisdiction.

Appeal by plaintiff from order by the Disciplinary Hearing Commission of the North Carolina State Bar entered 5 July 2002. Heard in the Court of Appeals 22 May 2003.

*The North Carolina State Bar, by Deputy Counsel A. Root Edmonson, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Douglas E. Kingsbery, for defendant-appellee.*

CALABRIA, Judge.

The North Carolina State Bar ("the State Bar") appeals the order of a panel of the Disciplinary Hearing Commission ("DHC") granting summary judgment to J. Richardson Rudisill, Jr., ("defendant"). For the reasons stated herein, we hold we do not have jurisdiction, and accordingly cannot reach the merits of the case.

On 3 April 2000, Grace Kathleen Urso ("the client") signed a fee contract for defendant's services with regard to a domestic divorce. The fee contract provided, *inter alia*, the client pay "an INITIAL NON-REFUNDABLE MINIMUM FEE of $25,000.00. . . to reserve the Firm's services." This fee would be the final fee unless the billable time exceeded $25,000.00, in which case the client would be billed for the additional time. In accordance with this contract, the client paid defendant $25,000.00. Three days later, the client reconciled with her spouse and informed defendant to cease representation on her behalf. The client requested a refund of any unearned portion of the fee. Defendant refused to refund more than $15,000.00, and client declined to accept this compromise. Although resolution of the fee dispute was sought through the State Bar's fee dispute program, the State Bar filed a complaint with the DHC on 15 August 2001.

The State Bar alleged defendant's conduct violated the Revised Rules of Professional Conduct, specifically, Rule 1.5(a), which prohibits "clearly excessive" fees, and 1.16(d), which requires refunds of unearned portions of advanced payments. Defendant answered, and on 17 June 2002, defendant moved for summary judgment asserting the fee was a "true retainer" which he was not obligated to refund, and the fee was not "clearly excessive." The DHC granted defendant's motion for summary judgment, and the State Bar appeals.

This Court's jurisdiction is limited to that which "the General Assembly may prescribe." N.C. Const. Art. IV, § 12 (2). Our statutes provide: "[f]rom any final order or decision of . . . the North Carolina State Bar under 84-28 . . . an appeal of right lies directly to the Court of Appeals." N.C. Gen. Stat. § 7A-29(a) (2001). However, the appeal of right is limited as follows:

There shall be an appeal of right from any final order impos-
ing admonition, reprimand, censure, suspension, stayed sus-
pension, or disbarment upon an attorney, or involuntarily
transferring a member of the North Carolina State Bar to disabil-
ity inactive status to the North Carolina Court of Appeals. Re-
view by the appellate division shall be upon matters of law or
legal inference.

N.C. Gen. Stat. § 84-28(h) (2001). Since the statute provides no appeal
from a final order which does not impose discipline, the State Bar has
no statutory right to appeal the case at bar.

The State Bar asks this Court to consider its appeal as a petition
for writ of certiorari. Our statutory law provides this Court with the
jurisdiction to grant writs of certiorari as follows:

The Court of Appeals has jurisdiction . . . to issue the prerogative
writs, including mandamus, prohibition, certiorari, and super-
sedeas, in aid of its own jurisdiction, or to supervise and control
the proceedings of any of the trial courts of the General Court of
Justice, and of the Utilities Commission and the Industrial
Commission.

N.C. Gen. Stat. § 7A-32(c) (2001). Our appellate rules explain:

The writ of certiorari may be issued in appropriate circumstances
by either appellate court to permit review of the judgments and
orders of trial tribunals when [(1)] the right to prosecute an
appeal has been lost by failure to take timely action, or [(2)] when
no right of appeal from an interlocutory order exists, or [(3)] for
review pursuant to G.S. 15A-1422(c)(3) of an order of the trial
court denying a motion for appropriate relief.

N.C.R. App. P. 21(a)(1) (2003). Therefore, where, as here, the case
does not fall within Rule 21, none of the "appropriate circumstances"
are present to "permit the Court to issue a writ of certiorari. . . ." *State
v. Wilson*, 151 N.C. App. 219, 225, 565 S.E.2d 223, 227 (2002).

The State Bar has asked this Court to suspend the requirements
of Rule 21 pursuant to Rule 2, which provides:

[t]o prevent manifest injustice to a party, or to expedite decision
in the public interest, either court of the appellate division may,
except as otherwise expressly provided by these rules, suspend

or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2003). However, our appellate rules "shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." N.C.R. App. P. 1 (2003). Moreover, our Supreme Court, in addressing a request to utilize Rule 2 to consider a petition for writ of certiorari "outside the formal parameters of Rule 21" commented, "even if we were so inclined, suspension of the appellate rules under Rule 2 is not permitted for jurisdictional concerns." *Bailey v. State*, 353 N.C. 142, 157, 540 S.E.2d 313, 322-23 (2000). Accordingly, where we have no independent basis for jurisdiction, we may not utilize Rule 2 to exercise jurisdiction in the case at bar. The appeal is

Dismissed.

Judges McCULLOUGH and STEELMAN concur.