IN THE MATTER OF G. DEWEY HUDSON

No. COA03-556

(Filed 17 August 2004)

## 1. District Attorneys— dismissal of inquiry into grounds for removal of district attorney—appeal

There is no appeal from an order of the superior court dismissing an affidavit charging a district attorney with one or more grounds for removal under N.C.G.S. § 7A-66, because: (1) although the statute specifically provides that the district attorney may appeal an order of removal to the Court of Appeals, it does not grant to anyone a right to appeal a dismissal of the inquiry by the superior court; (2) the affiant was not a party to the removal proceeding under N.C.G.S. § 7A-66 and thus had no right to appeal the trial court's dismissal of the proceeding; and (3) the legislature could have included a right of appeal from the dismissal of the proceeding under N.C.G.S. § 7A-66 but chose not to do so.

**IN RE HUDSON**

[165 N.C. App. 894 (2004)]

**2. Appeal and Error— preservation of issues—failure to include notice of appeal—attorney fees as a sanction**

Although an affiant who filed a sworn affidavit charging that grounds existed for removal of a district attorney from office appeals from an order assessing affiant with attorney fees in the amount of $5,000 as a sanction under N.C.G.S. § 1A-1, Rule 11, N.C.G.S. § 6-21.5, or the inherent authority of the Court to redress an incorrect and inappropriate application of the law in this case, affiant's appeal is dismissed because: (1) the record of appeal does not include a notice of appeal, thus divesting the appellate courts of jurisdiction; and (2) affiant did not include a petition for writ of certiorari, and the Court of Appeals declines to treat his appeal as such.

Appeal by affiant from order entered 13 January 2003 by Judge W. Allen Cobb, Jr., and order entered 23 March 2003 by Judge Thomas D. Haigwood, in Sampson County Superior Court. Heard in the Court of Appeals 28 January 2004.

*Law Offices of Jonathan S. Dills, P.A., by Jonathan S. Dills, for appellant.*

*E.C. Thompson, III, P.C., by E.C. Thompson, III, and Burrow and Hall, by Richard L. Burrows, for appellee.*

STEELMAN, Judge.

On 30 December 2002 Joseph W. Morton filed a sworn affidavit pursuant to N.C. Gen. Stat. § 7A-66 (2004), charging that grounds existed for District Attorney G. Dewey Hudson (Hudson) to be removed from office as District Attorney for Prosecutorial District 4. In his affidavit, Morton asserted four grounds for Hudson's removal from office: (1) willful misconduct in office; (2) habitual intemperance; (3) conduct prejudicial to the administration of justice which brings the office into disrepute; and (4) knowingly authorizing or permitting an assistant district attorney to engage in conduct constituting grounds for removal.

Upon the filing of the affidavit, the Clerk of Superior Court of Sampson County forwarded the affidavit to Judge Russell J. Lanier, Jr., Senior Resident Superior Court Judge for District 4A. Due to Judge Lanier being assigned out of his district, he assigned the matter to be heard by Judge W. Allen Cobb, Jr. On 3 January 2003, Judge Lanier advised both Morton and Hudson of this assignment, in writ-

ing. Upon receipt of the affidavit, Judge Cobb by letter dated 10 January 2003 advised Morton and Hudson of its receipt, and that he would act on the matter within thirty days, as required by statute.

On 13 January 2003, at 10:49 a.m., Judge Cobb filed an order finding that the charges in the affidavit, if true, did not constitute grounds for removal pursuant to N.C. Gen. Stat. § 7A-66. The proceeding was dismissed and no evidentiary hearing was conducted. On 13 January 2003 at 2:35 p.m., Hudson filed a response to Morton's affidavit with the Clerk of Court. Morton filed notice of appeal on 27 January 2003.

On January 2003, Hudson filed a motion for sanctions against Morton pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. This motion was heard on 10 February 2003 before Judge Haigwood. On 23 March 2003 an order was entered assessing attorney's fees in the amount of $5,000.00 against Morton based upon Rule 11, N.C. Gen. Stat. § 6-21.5 (2004), or the "inherent authority of the Court to redress an incorrect and inappropriate application of the law in this case." The record and briefs in this matter are devoid of any indication that appellant gave notice of appeal from Judge Haigwood's order. The parties agreed to consolidate the two appeals in this matter.

## I. Judge Cobb's Order Dismissing the Proceeding

**[1]** We first address the issue of whether an appeal can lie from an order of the superior court dismissing an affidavit charging a district attorney with one or more grounds for removal under 7A-66. We conclude that there is no appeal from such an order.

A proceeding to remove a district attorney "is neither a civil suit nor a criminal prosecution," it is an inquiry and thus the rules of civil and criminal procedure do not apply. *In re Spivey*, 345 N.C. 404, 418, 480 S.E.2d 693, 701 (1997). Upon filing of an affidavit seeking removal of a district attorney, the superior court is required to perform a two-prong analysis. First, the court must determine whether "the charges if true constitute grounds for suspension" of the district attorney. Second, the court must also find "probable cause for believing that the charges are true." If the court finds both of these things exist, then a hearing is to be held upon the charges, upon due notice to the district attorney. N.C. Gen. Stat. § 7A-66.

Following a hearing, if the superior court finds that grounds for removal exist, then the court "shall enter an order permanently

removing the district attorney from office[.]" N.C. Gen. Stat. § 7A-66. The statute specifically provides that the district attorney may appeal an order of removal to the Court of Appeals. It does not grant to anyone a right to appeal a dismissal of the inquiry by the superior court.

In proceedings under N.C. Gen. Stat. § 7A-66, the affiant is not a party, but rather is merely a citizen presenting possible grounds for removal to the court. In *Spivey*, the trial court appointed a member of the bar to act as counsel to present evidence to the court. This procedure was approved by the Supreme Court. *Spivey*, 345 N.C. at 417, 480 S.E.2d at 700. Further, Spivey asserted before the Supreme Court that the trial court erred by designating the affiants as petitioners and allowing them to participate as parties in the proceeding. The Supreme Court acknowledged that "the procedural irregularities Spivey complains of occurred here," but held that there was no prejudice. *Id.* at 418, 480 S.E.2d at 701. We hold that Morton as affiant was not a party to the removal proceeding under N.C. Gen. Stat. § 7A-66 and thus had no right to appeal Judge Cobb's dismissal of the proceeding.

We further note that N.C. Gen. Stat. § 7A-66 addresses the issue of appeal specifically, providing a right of appeal to district attorneys who are removed from office under the statute. The legislature includes no such remedy for the charging affiant, or others, when the proceeding against the district attorney is dismissed. Because the legislature could have included a right of appeal from the dismissal of a proceeding under N.C. Gen. Stat. § 7A-66 but refused to do so, we take counsel in *expressio unius est exclusio alterus*, which stands for the proposition that "when a law expressly describes a particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded," 73 Am. Jur. 2d *Statutes* § 129 (2004); *Christensen v. Harris County*, 529 U.S. 576, 583, 146 L. Ed. 2d 621, 629 (2000). Accordingly we hold that no right of appeal exists in the instant case.

A review of similar type proceedings supports this conclusion. There is no provision for appeal of a dismissal of a complaint against a judge before the Judicial Standards Commission. N.C. Gen. Stat. § 7A-377 (2004). There is no provision for appeal of a decision by a chief district court judge not to conduct a hearing on the removal of a magistrate. N.C. Gen. Stat. § 7A-173 (2004). Additionally, there is no

IN RE HUDSON

[165 N.C. App. 894 (2004)]

appeal of the dismissal of a complaint against an attorney by the Disciplinary Hearing Commission of the State Bar. *State Bar v. Rudisill*, 159 N.C. App. 704, *disc. rev. denied* 357 N.C. 579, 589 S.E.2d 127 (2003).

Finally, we note that N.C. Gen. Stat. § 7A-66 was not intended to be a vehicle for persons to air their disputes with their district attorneys. Nor is it a proper vehicle to challenge the wisdom, legality, or constitutionality of the manner in which district attorneys operate their offices or handle their dockets in the courts of this State. There exist other avenues for challenging such matters, *see e.g. Simeon v. Hardin*, 339 N.C. 358, 451 S.E.2d 858 (1994). Morton had no right to appeal Judge Cobb's order and his appeal must be dismissed.

## II. Judge Haigwood's order imposing sanctions

[2] There is but one notice of appeal contained in the record in this matter, appealing from Judge Cobb's order of 13 January 2003. There is no notice of appeal of Judge Haigwood's order of 25 March 2003.

Rule 3 of the Rules of Appellate Procedure provides that a party entitled to appeal may take appeal by filing notice with the clerk of superior court and serving copies upon all parties in a timely manner. When the record does not include a notice of appeal, the appellate courts are without jurisdiction. *Crowell Constructors v. State*, 328 N.C. 563, 402 S.E.2d 407 (1991); *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 394 S.E.2d 683 (1990). We are thus required to dismiss this portion of Morton's appeal. *Melvin v. St. Louis*, 132 N.C. App. 42, 510 S.E.2d 177 (1999), *cert. denied, Melvin v. St. Louis*, 350 N.C. 309, 534 S.E.2d 594 (1999). Morton does not include a petition for writ of certiorari, and we decline to treat his appeal as such.

APPEAL DISMISSED.

Chief Judge MARTIN and Judge GEER concur.