STATE OF NORTH CAROLINA v. RAYMOND CHARLES HAGERMAN

No. COA09-145

(Filed 3 November 2009)

**Sexual Offenders— satellite-based monitoring—civil penalty—not punishment enhancement**

The State did not need to present any fact in an indictment or to prove any facts beyond a reasonable doubt to a jury in order to subject defendant to satellite-based monitoring (SBM). The imposition of SBM is a civil remedy which does not increase the maximum penalty for defendant's crime.

Judge ELMORE dissenting.

Appeal by defendant from order entered 15 October 2008 by Judge Thomas H. Lock in Onslow County Superior Court. Heard in the Court of Appeals 20 August 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph Finarelli, for the State.*

*Jon W. Myers, for defendant-appellant.*

CALABRIA, Judge.

Raymond Charles Hagerman ("defendant") appeals the trial court's order directing him to enroll in lifetime satellite-based monitoring ("SBM") pursuant to N.C. Gen. Stat. § 14-208.40B (2007). We affirm.

On 15 October 2008, defendant pled no contest to four counts of indecent liberties with a minor. Defendant was sentenced to four consecutive active sentences of a minimum of 16 months to a maximum of 20 months in the North Carolina Department of Correction. Two of these sentences were suspended and defendant was sentenced to two consecutive probationary sentences of 36 months each to be served at the end of his active sentences. After sentencing, the trial court conducted a determination hearing pursuant to N.C. Gen. Stat. § 14-208.40B (2007) to determine whether defendant was eligible for SBM. Prior to the hearing, defendant filed a motion challenging the constitutionality of N.C. Gen. Stat. §§ 14-208.40-45 (2007). The trial court denied defendant's motion. After a hearing, the trial court found that defendant's offenses were aggravated and ordered defendant to enroll in lifetime SBM. Defendant appeals.

Defendant argues that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), the imposition of lifetime SBM constituted an enhancement of defendant's punishment. He further argues that the trial court's determination required facts not presented in the indictment, conceded by defendant, or found by a jury beyond a reasonable doubt, in violation of defendant's constitutional rights. We disagree.

"[A]ny fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d. at 446 (citation omitted). This Court has analyzed the SBM statutes in *State v. Bare* and determined that the imposition of lifetime SBM by the legislature was part of a civil, regulatory scheme and not a criminal punishment. *State v. 'Bare*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009); *see also State v. Wagoner*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009); *State v. Morrow*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009); *State v. Stines*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009). Therefore, the imposition of SBM, as a civil remedy, could not increase the maximum penalty for defendant's crime. The State did not need to present any facts in an indictment or prove any facts beyond a reasonable doubt to a jury in order to subject defendant to SBM.

The record on appeal includes additional assignments of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem them abandoned and need not address them.

Affirmed.

Judge BRYANT concurs.

Judge ELMORE dissents in a separate opinion.

ELMORE, Judge, dissenting.

I respectfully dissent from the majority opinion affirming the trial court's order requiring defendant to enroll in satellite-based monitoring. I would reverse and remand the trial court's order for the reasons stated by my dissents in *State v. Wagoner*, —— N.C. App. ——, —— S.E.2d ——, —— (2009) (Elmore, J., dissenting), *State v. Morrow*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009) (Elmore, J., concurring

in part and dissenting in part), and *State v. Vogt*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009) (Elmore, J., dissenting). For the reasons stated therein, I would hold that enrolling defendant in lifetime satellite-based monitoring after finding that his offenses were aggravated increases the maximum penalty for his crime and must, under *Apprendi*, "be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 147 L. Ed. 2d 435, 446 (2000) (citation omitted).