STATE OF NORTH CAROLINA v. RICKY ODELL YOW, Defendant

No. COA09-967

(Filed 18 May 2010)

**Sexual Offenders— satellite-based monitoring—recidivist**

The trial court did not err by requiring defendant to enroll in satellite-based monitoring (SBM) for 10 years based on the fact that he was a recidivist. Defendant failed to present any new factual information to support his arguments that SBM is punitive in effect, and his constitutional arguments have previously been rejected. The Court of Appeals noted that the State should have cross-appealed the term of 10 years because N.C.G.S. § 14-208.40B(c) requires life enrollment for a recidivist.

Appeal by defendant from order entered on or about 19 February 2009 by Judge Robert H. Hobgood in Superior Court, Alamance County. Heard in the Court of Appeals 10 December 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Oliver G. Wheeler, IV, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.*

STROUD, Judge.

Defendant appeals order requiring him to enroll in satellite-based monitoring ("SBM") for 10 years. As defendant has brought forth no new evidence regarding SBM, we are controlled by precedential case law and affirm.

## I. Background

On or about 25 August 2008, defendant was indicted for third degree sexual exploitation of a minor. Defendant was determined to have a prior record level of III. On or about 24 September 2008, defendant pled guilty and was sentenced to 6 to 8 months imprisonment. Defendant's sentence was suspended, and he received 36 months of supervised probation. Defendant was also required to register as a sex offender. On or about 19 February 2009, defendant was ordered to enroll in satellite-based monitoring ("SBM") for 10 years because he "is a recidivist." Defendant appeals.

## II. Analysis

Defendant argues the trial court erred in ordering him to enroll in SBM because it violates prohibitions against ex post facto laws, double jeopardy, and his right to a trial by jury. Though defendant does state facts in his brief to support his argument that SBM should be considered as punitive in effect, defendant failed to present this information before the trial court and thus this information is not in the record on appeal. In fact, defendant testified during the SBM hearing, but he failed to mention any of the circumstances discussed in his brief which he claims make his situation unique. Because defendant included factual information in his brief which is not in the record, the State filed a "motion to strike material outside the record from defendant-appellant's brief[,]" (original in all caps), which we allow. *See Hudson v. Game World, Inc.,* 126 N.C. App. 139, 142, 484 S.E.2d 435, 437-38 (1997) ("Rule 9 of the Rules of

Appellate Procedure limits our review to the record on appeal. Matters discussed in the brief but outside the record will not be considered." (citation omitted)).

We are thus left with the same constitutional arguments we have previously addressed and must therefore affirm the trial court's order as these arguments have all been rejected. *See State v. Hagerman*, —— N.C. App. ——, ——, 685 S.E.2d 153, 155 (2009) ("[T]he imposition of SBM, as a civil remedy, could not increase the maximum penalty for defendant's crime. The State did not need to present any facts in an indictment or prove any facts beyond a reasonable doubt to a jury in order to subject defendant to SBM."); *State v. Wagoner*, —— N.C. App. ——, ——, 683 S.E.2d 391, 400 (2009) ("As we have already held that SBM is a civil regulatory scheme, and not a punishment, double jeopardy does not apply." (citation omitted)); *State v. Bare*, —— N.C. App. ——, ——, 677 S.E.2d 518, 531 (2009) ("Defendant has failed to show that the effects of SBM are sufficiently punitive to transform the civil remedy into criminal punishment. Based on the record before us, retroactive application of the SBM provisions do not violate the ex post facto clause.")

Lastly, we note that though defendant was ordered to enroll in SBM because he is a recidivist, the trial court ordered defendant to enroll in SBM for only 10 years. However, N.C. Gen. Stat. § 14-208.40B(c) requires the trial court to enroll defendant in SBM for life if he is determined to be a recidivist. *See* N.C. Gen. Stat. § 14-208.40B(c) (2009). The trial court is to set a term for SBM only for SBM ordered under N.C. Gen. Stat. § 14-208.40B(c), based upon "an offense that involved the physical, mental, or sexual abuse of a minor[.]" *Id.* On the SBM order, AOC-CR-816, Rev. 12/08, the trial court checked the box finding that "the defendant is a recidivist. (use Order No.1.a. below.)" The provisions of "Order No.1.a." require defendant to enroll in SBM for life; this form provision is in accordance with N.C. Gen. Stat. § 14-208.40B(c). *See id.* However, the trial court did not check "Order No.1.a.[,]" but instead checked Order No.1.b and wrote in a term of "10 years [.]" We realize that in the process of checking boxes on form orders, it is possible for the wrong box to be marked inadvertently, creating a clerical error which can be corrected upon remand. *See State v. Lark*, —— N.C. App. ——, ——, 678 S.E.2d 693, 702 (2009) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth. A clerical error is an error resulting

from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." (citations, quotation marks, and brackets omitted)), *disc. review denied*, 363 N.C. 808, —— S.E.2d (2010). However, we do not consider the trial court's mistake to be a clerical error of checking the wrong box because the trial court handwrote "10 years" as the time defendant was to enroll in SBM. In addition, the trial court orally stated during defendant's SBM hearing that "the defendant is a recidivist" and must enroll in SBM "for a period of ten years." "[T]he proper procedure for presenting alleged errors that purport to show that the judgment was erroneously entered and that an altogether different kind of judgment should have been entered is a cross-appeal." *Harllee v. Harllee*, 151 N.C. App. 40, 51, 565 S.E.2d 678, 684 (2002) (citations omitted). As the State has not cross-appealed as to the term of 10 years of SBM, we cannot address this issue, but we do note this error on the order and admonish both the State and trial court to apply the plain language of the statute regarding such important determinations.

### III.  Conclusion

As defendant has failed to present any new factual information which would support his arguments that SBM is punitive in effect and his legal arguments have previously been rejected by this court, we affirm.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.