STATE OF NORTH CAROLINA v. THERON INMAN, Defendant

No. COA09-1151

(Filed 3 August 2010)

**Appeal and Error— notice of appeal—not in record—appeal dismissed—not treated as petition for writ of certiorari**

Defendant's appeal from the trial court's order requiring him to enroll in lifetime satellite-based monitoring was dismissed where the record contained no written notice of appeal. The Court of Appeals declined to treat defendant's purported appeal as a petition for writ of *certiorari* as defendant's brief did not contain the requisite documentation.

Appeal by defendant from order entered on or about 26 March 2009 by Judge Charles H. Henry in Superior Court, Onslow County. Heard in the Court of Appeals 25 February 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General J. Philip Allen, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.*

JACKSON, Judge.

On or about 2 March 2007, Theron Inman ("defendant") pleaded guilty to ten counts of indecent liberties with a child. On or about 29 August 2007, defendant received a suspended sentence of sixty months of supervised probation for every two counts of indecent liberties with a child; in other words, defendant received a total of 300 months of supervised probation. On or about 26 March 2009, the trial court concluded that defendant had committed an aggravated offense

and ordered defendant to enroll in satellite-based monitoring ("SBM") for life. Defendant appeals the order requiring him to enroll in SBM. However, the record contains no written notice of appeal. Pursuant to our holding set forth in *State v. Brooks*, 204 N.C. App. 193, 195, 693 S.E.2d 204, 206 (2010), we are bound to dismiss the case *sub judice*. In *Brooks*, we explained as follows:

> In light of our decisions interpreting an SBM hearing as not being a criminal trial or proceeding for purposes of appeal, we must hold that oral notice pursuant to N.C.R.App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court. Instead, a defendant must give notice of appeal pursuant to N.C.R.App. P. 3(a) as is proper in a civil action or special proceeding. N.C.R.App. P. 3(a) requires that a party file notice of appeal with the clerk of superior court and serve copies thereof upon all other parties. *Because the record on appeal does not contain a written notice of appeal filed with the clerk of superior court, which was served upon the State, this appeal must be dismissed.*

*Id.* (emphasis added) (internal citations, quotation marks, and brackets omitted). *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Although we acknowledge the proposition that "[t]his Court does have the authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to 'treat the purported appeal as a petition for writ of certiorari,'" which we may exercise in our discretion, we decline to treat defendant's attempted appeal as a petition for writ of *certiorari. Luther v. Seawell*, 191 N.C. App. 139, 142, 662 S.E.2d 1, 3 (2008) (declining to treat the plaintiff's defective notice of appeal—naming for review only one summary judgment order—as a petition for writ of *certiorari* to review two summary judgment orders) (quoting *State v. SanMiguel*, 74 N.C. App. 276, 277–78, 328 S.E.2d 326, 328 (1985)). Appellate Rule 21 provides that a "writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists . . . ." N.C. R. App. P. 21(a)(1) (2007). However, a petition for writ of *certiorari* must be filed "with the clerk of the court of

the appellate division to which appeal of right might lie[,]" and the petition must contain "a statement of the reasons why the writ should issue[.]" N.C. R. App. P. 21(b), (c) (2007). *See State v. McCoy,* 171 N.C. App. 636, 638, 615 S.E.2d 319, 321 (2005) (declining to treat the defendant's brief as a petition for writ of *certiorari* because of the requirements of Rule 21, notwithstanding the defendant's request to do so in a footnote). Defendant's brief does not contain the requisite documentation to meet the requirements set forth by our Appellate Rules for consideration of a writ of *certiorari.* Accordingly, we decline to consider the merits in the case *sub judice.*

For the foregoing reasons, we dismiss.

Dismissed.

Judge ELMORE concurs.

Judge STROUD dissents in a separate opinion.

STROUD, Judge, dissenting.

Because I believe defendant's purported appeal should be treated as a writ of certiorari, I respectfully dissent and would affirm the trial court order.

"This Court does have the authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to treat the purported appeal as a petition for writ of certiorari" which we may grant in our discretion. *Luther v. Seawell,* 191 N.C. App. 139, 142, 662 S.E.2d 1, 3 (2008) (citations and quotation marks omitted). The majority notes that "a petition for writ of certiorari must be filed 'with the clerk of the court of the appellate division to which appeal of right might lie[,]' and the petition must contain 'a statement of the reasons why the writ should issue[.]' " I conclude that defendant's brief meets these requirements as it was filed with the clerk of this Court and sets forth defendant's reasons why this Court should grant the requested relief. In addition, this Court has previously considered purported appeals as petitions for writs of certiorari in other cases. *See State v. SanMiguel,* 74 N.C. App. 276, 277-78, 328 S.E.2d 326, 328 (1985) ("[T]he record does not contain a copy of the notice of appeal or an appeal entry showing that appeal was taken orally. In our discretion we treat the purported appeal as a petition for writ of certiorari and pass upon the merits of the questions raised." (citations omitted)). As

**STATE v. INMAN**

[206 N.C. App. 324 (2010)]

I would treat defendant's purported appeal as a petition for a writ of certiorari, which I would grant, I will address the merits of defendant's case on appeal.

In assignment of error number seven defendant contended that the trial court had "insufficient evidence" defendant committed an "aggravated offense" as defined by N.C. Gen. Stat. § 14-208.6. However, defendant abandoned this assignment of error in his brief by failing to make any substantive argument regarding the sufficiency of the evidence or even to make an argument regarding what is required to show an "aggravated offense." *See* N.C.R. App. P. 28(a) ("Review is limited to questions so presented in the several briefs. Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief are deemed abandoned."). I therefore cannot consider defendant's assignment of error regarding conviction of an "aggravated offense" based upon the crimes for which he was convicted.

In his brief, defendant argues only that the trial court failed in concluding he had committed an "aggravated offense" because the court's decision violated *ex post facto* provisions, double jeopardy protections, and defendant's right to a trial by jury. Because these are the only issues argued, these are the only issues I can consider.

As we recently stated in *State v. Yow*,

> We are thus left with the same constitutional arguments we have previously addressed and must therefore affirm the trial court's order as these arguments have all been rejected. See *State v. Hagerman*, —— N.C. App. ——, ——, 685 S.E.2d 153, 155 (2009) ("[T]he imposition of SBM, as a civil remedy, could not increase the maximum penalty for defendant's crime. The State did not need to present any facts in an indictment or prove any facts beyond a reasonable doubt to a jury in order to subject defendant to SBM."); *State v. Wagoner*, —— N.C. App. ——, ——, 683 S.E.2d 391, 400 (2009) ("As we have already held that SBM is a civil regulatory scheme, and not a punishment, double jeopardy does not apply." (citation omitted)); *State v. Bare*, —— N.C. App. ——, ——, 677 S.E.2d 518, 531 (2009) ("Defendant has failed to show that the effects of SBM are sufficiently punitive to transform the civil remedy into criminal punishment. Based on the record before us, retroactive application of the SBM provisions do not violate the ex post facto clause.")

**STATE v. INMAN**

[206 N.C. App. 324 (2010)]

*State v. Yow*, —— N.C. App. ——, ——, 693 S.E.2d. 192, 194 (2010). Therefore, the only arguments which defendant presented on appeal have been previously determined by this Court in decisions which are controlling authority. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." (citations omitted)). I would therefore affirm the trial court order.