STATE OF NORTH CAROLINA v. CALVIN McKINLEY HUGHES

No. COA10-495

(Filed 15 March 2011)

## Appeal and Error— appealability—failure to give notice of appeal from judgment

The Court of Appeals dismissed defendant's appeal in a felonious breaking or entering, felonious larceny, felonious possession of stolen goods, and misdemeanor larceny case based on lack of jurisdiction caused by defendant's failure to note an appeal from the trial court's judgment as required by N.C. R. App. P. 4.

Appeal by defendant from judgment entered 23 September 2009 by Judge W. Russell Duke, Jr., in Northampton County Superior Court. Heard in the Court of Appeals 15 November 2010.

*Attorney General Roy Cooper, by Christine A. Goebel, Assistant Attorney General, for the State.*

*Paul Y. K. Castle for Defendant-Appellant.*

ERVIN, Judge.

Defendant Calvin Hughes appeals from judgments sentencing him to a minimum term of 96 months and a maximum term of 125 months imprisonment in the custody of the North Carolina Department of Correction based upon jury verdicts finding him guilty of felonious breaking or entering, felonious larceny, felonious possession of stolen goods, and misdemeanor larceny and his plea of guilty to having attained the status of an habitual felon. On appeal, Defendant argues that he is entitled to relief from his convictions and the trial court's judgment because the trial court erroneously instructed the jury concerning the burden of proof and reasonable doubt and because he received deficient representation from his trial counsel. After careful consideration of Defendant's challenges to his convictions and sentence in light of the record and the applicable law,

we conclude that this Court lacks jurisdiction over Defendant's appeal due to Defendant's failure to note an appeal from the trial court's judgment in compliance with N.C.R. App. P. 4 and that his appeal must, therefore, be dismissed.

## I. Factual Background

On 4 May 2009, the Northampton County grand jury returned bills of indictment charging Defendant with felonious breaking or entering, felonious larceny, felonious possession of stolen property, misdemeanor larceny, and having attained the status of an habitual felon. The charges against Defendant came on for trial before the trial court and a jury at the 22 September 2009 criminal session of the Northampton County Superior Court. On 22 September 2009, the jury returned verdicts convicting Defendant of felonious breaking or entering, felonious larceny, felonious possession of stolen goods, and misdemeanor larceny. On the following day, Defendant entered a plea of guilty to having attained the status of an habitual felon.

At the ensuing sentencing hearing, the trial court found that Defendant had nine prior record points and should be sentenced as a Level IV offender. In addition, the trial court found as a mitigating factor that Defendant "supports the defendant's family" and concluded that the factors in mitigation outweighed the factors in aggravation so "that a mitigated sentence is justified." After making those determinations, the trial court consolidated Defendant's convictions for judgment[1] and ordered that Defendant be sentenced to a minimum term of 96 months and a maximum term of 125 months imprisonment in the custody of the North Carolina Department of Correction. Defendant claims to have noted an appeal from the trial court's judgments.

## II. Legal Analysis

According to N.C. R. App. P. 4:

(a)    Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by

---

1. Although the trial court indicated that the verdict in the felonious possession of stolen property case should be arrested at the time that he orally imposed sentence on Defendant, the written judgment contained in the record lists the felonious possession of stolen property conviction as one of the convictions that the trial court consolidated for judgment.

   (1)    giving oral notice of appeal at trial, or

   (2)    filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment[.]

A failure on the part of the appealing party to comply with Rule 4 deprives this Court of jurisdiction to consider his or her appeal:

> [A] default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court. It is axiomatic that courts of law must have their power properly invoked by an interested party . . . . The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case . . . . A jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal . . . . *see also State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (stating correctly that "compliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by [the] Court" (citation omitted)), *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). Stated differently, a jurisdictional default brings a purported appeal to an end before it ever begins. Moreover, in the absence of jurisdiction, the appellate courts lack authority to consider whether the circumstances of a purported appeal justify application of [N.C.R. App. P.] 2.

*Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 364-65 (2008) (citing *Moore v. Vanderburg*, 90 N.C. 10, 10 (1884), and *Williams v. Williams*, 188 N.C. 728, 730, 125 S.E. 482, 483 (1924) (other citations omitted)).

    A careful examination of the record on appeal provides no indication that Defendant ever filed a written notice of appeal. Similarly, our review of the transcript of Defendant's trial and sentencing hearing provides no indication that Defendant orally noted an appeal to this Court from the trial court's judgment. Although the trial court signed a written judgment using AOC Form NO. CR-601, Judgment and Commitment, the trial court did not check the box on that form stating that "[t]he defendant gives notice of

appeal from the judgment of the trial court to the appellate division." Finally, Defendant never asserts in his brief before this Court that he gave notice of appeal as required by N.C.R. App. P. 4. As a result, it does not appear from the record that Defendant properly gave notice of appeal from the trial court's judgment.

The record does, however, include a copy of AOC Form NO. CR-350, Appellate Entries, which was signed by the trial judge on 23 September 2009. On Form NO. CR-350, the box stating that "[t]he defendant has given Notice of Appeal to the N.C. Court of Appeals" is checked. "Although the record includes appellate entries . . . which indicate through boilerplate that defendant gave notice of appeal, mere appellate entries are insufficient to preserve the right to appeal." *In re Me.B., M.J., Mo.B.*, 181 N.C. App. 597, 600, 640 S.E.2d 407, 409 (2007) (citing *State v. Blue*, 115 N.C. App. 108, 113, 443 S.E.2d 748, 751 (1994)). In *Blue*, we concluded that the "defendant did not preserve his right to appeal his convictions" where the "record on appeal include[d] appellate entries . . . but contained no written notices of appeal as required by Rule 4 of the Rules of Appellate Procedure." As a result, the fact that the record contains appellate entries does not, without more, suffice to show that Defendant properly appealed from the trial court's judgment to this Court. Thus, since the record simply does not establish that Defendant ever gave notice of appeal from the trial court's judgment as required by N.C.R. App. P. 4, we lack jurisdiction to consider Defendant's appeal, which must, therefore, be dismissed.

DISMISSED.

Chief Judge MARTIN and Judge McGEE concur.