STATE OF NORTH CAROLINA v. CEDRIC GERRARD PARKER

No. COA10-672

(Filed 2 August 2011)

**Appeal and Error—notice of appeal—open court—transcript not included in appeal—no jurisdiction**

> An appeal by an armed robbery defendant was dismissed for lack of jurisdiction where defendant stated in his brief that he gave notice of appeal in open court but did not include a copy of the transcript.

Appeal by defendant from judgment entered on or about 19 January 2010 by Judge William Z. Wood, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 16 November 2010.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General E. Michael Heavner, for the State.*

> *Parish & Cooke, by James R. Parish, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from his conviction for robbery with a dangerous weapon. As defendant failed to satisfy the jurisdictional requirement of providing proper notice of appeal, we dismiss his appeal.

## I. Background

On 15 June 2009, Cedric Gerrard Parker ("defendant") was indicted for robbery with a dangerous weapon and on 20 July 2009 for possession of a firearm by a felon. Defendant was also indicted on one count of first-degree kidnapping on 14 September 2009. The charges of possession of a firearm by a felon and robbery with a dangerous weapon were tried together before a jury at the 21 September 2009 Criminal Session of Superior Court, Forsyth County. On 23 September 2009, a jury convicted defendant of robbery with a firearm but acquitted defendant as to the possession of a firearm by a felon charge. On 2 October 2009, the trial court entered an order setting aside the jury verdict as being inconsistent and granting defendant a new trial. That order was stayed pending the State's petition for a writ of *certiorari* to this Court to review the 2 October 2009 order. This Court granted the State's request for *certiorari* and, by order without an opinion, overturned the trial court's 2 October 2009 order setting aside the verdict, vacated the trial court's order for a new trial, and remanded the case "for entry of judgment consistent with the verdict

returned by the jury." On remand, defendant pled guilty to second-degree kidnapping, on the condition that the second-degree kidnapping charge be consolidated with the robbery with a dangerous weapon conviction.[1] On the consolidated conviction of robbery with a dangerous weapon and second-degree kidnapping, the trial court sentenced defendant to a term of 105 to 135 months imprisonment.

## II. Notice of Appeal

Defendant raises several substantive issues on appeal. However, the record before us raises an issue as to whether defendant gave proper notice of appeal and provided that notice to this Court. North Carolina Rule of Appellate Procedure 4(a), in pertinent part, states that

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
>
> (1) giving oral notice of appeal at trial, or
>
> (2) filing notice of appeal with the clerk of superior court . . . within fourteen days after entry of the judgment or order[.]

(emphasis added). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 321, *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). Additionally, N.C.R. App. P. 9(a) states that appellate review is based "solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9." Specifically, N.C.R. App. P. 9(a)(3), in pertinent part, states that "[t]he record on appeal in criminal actions shall contain: . . . . h. a copy of the notice of appeal or an appropriate entry or statement showing appeal taken orally[.]" First, we note that there is no written notice of appeal in the record on appeal. *See* N.C.R. App. P. 4(a). Even though, defendant states in his brief on appeal that "[i]n open court immediately after sentencing on January 19, 2010 the defendant gave notice of appeal to the North Carolina Court of Appeals[,]" defendant failed to include a copy of the transcript as required by N.C.R. App. P. 9(a)(3) showing

---

1. On 6 October 2008, defendant was also indicted for one count of failure to register as a sex offender in violation of North Carolina General Statute § 14-208.11; as part of this plea agreement he also pled guilty of this charge, and, in a separate judgment, was sentenced to a term of 25 to 30 months imprisonment for this conviction. However, this conviction is not at issue in this appeal.

when he gave oral notice appeal in open court.[2] We also note that the record includes appellate entries entered 19 January 2010 "which indicate through boilerplate that defendant gave notice of appeal, [but] mere appellate entries are insufficient to preserve the right to appeal." *State v. Hughes*, ___ N.C. App. ___, ___, 707 S.E.2d 777, 778 (2011) (quoting *In re Me.B., M.J., Mo.B.*, 181 N.C. App. 597, 600, 640 S.E.2d 407, 409 (2007)); *State v. Blue*, 115 N.C. App. 108, 113, 443 S.E.2d 748, 751 (1994) (concluding that the defendant did not preserve his right to appeal where "[t]he record on appeal include[d] appellate entries . . . but contained no written notices of appeal as required by Rule 4 of the Rules of Appellate Procedure."). Without the trial transcript, we cannot make a determination as to whether defendant gave proper oral notice of appeal to this Court and can only guess as to whether this Court has jurisdiction to hear defendant's appeal. *See McCoy*, 171 N.C. App. at 638, 615 S.E.2d at 321; *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal . . . . Stated differently, a jurisdictional default brings a purported appeal to an end before it ever begins.").

It is well established that "[i]t is the appellant's duty and responsibility to see that the record is in proper form and complete." *State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983) (citing N.C.R. App. P. 9 and *State v. Atkinson*, 275 N.C. 288, 167 S.E.2d 241 (1969), *death sentence vacated*, 403 U.S. 948, 29 L. Ed. 2d 859 (1971)). Even though the record indicates there was a trial transcript ordered by the clerk of court in Forsyth County, defendant provides no indication. why the trial transcript was not included in the record on appeal. Therefore, we do not have jurisdiction to hear defendant's appeal as he failed to provide proper record of his notice of appeal. Accordingly, we dismiss defendant's appeal.

DISMISSED.

Judges BRYANT and BEASLEY concur.

---

2. The only portion of the trial transcript included in the record on appeal is the portion where the trial court gave its charge to the jury.