An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1295
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

IN THE MATTER OF:

                                    Durham County
                                    No. 13 CVS 3898
A. LEON STANBACK

Appeal by affiant from orders entered 14 August 2013 and 23 August 2013 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 22 April 2014.

*James Michael Lynch, pro se, for affiant-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for appellee.*

HUNTER, Robert C., Judge.

Appellant-affiant James Michael Lynch ("appellant-affiant") appeals the trial court's orders dismissing the N.C. Gen. Stat. § 7A-66 proceeding against District Attorney A. Leon Stanback ("DA Stanback") and denying appellant-affiant's Rule 60(b)

motion.   After careful review, we dismiss appellant-affiant's appeal.

## Background

On 5 August 2013, appellant-affiant filed an affidavit pursuant to section 7A-66 charging the following grounds for DA Stanback's removal: (1) willful misconduct in office, and (2) willful and persistent failure to perform his duties. In short, appellant-affiant claimed that the Sheriff of Durham County, Michael Andrews, along with others in that department, intentionally covered up a crime in which appellant-affiant was a victim, lied to him, and destroyed evidence. DA Stanback refused to initiate an investigation by the SBI into the alleged crimes. Thus, appellant-affiant accused DA Stanback of conspiring with the officers to cover up their crimes.

The matter came on for hearing before Judge Hudson on 5 August 2013. Judge Hudson issued an order on 14 August 2013 dismissing the proceeding based on his finding that no probable cause existed to believe that the charges alleged against DA Stanback were true. On 22 August 2013, appellant-affiant filed a Rule 60(b) motion, claiming that Judge Hudson's refusal to recuse himself entitled him to relief from the order dismissing the removal proceeding. Judge Hudson denied the Rule 60(b) motion on 23 August 2013. Appellant-affiant appealed both orders.

## Analysis

A proceeding to remove a district attorney "is neither a civil suit nor a criminal prosecution[;]" it is "an inquiry." *In re Spivey*, 345 N.C. 404, 418, 480 S.E.2d 693, 701 (1997). Accordingly, "the rules of civil and criminal procedure do not apply." *In re Hudson*, 165 N.C. App. 894, 896, 600 S.E.2d 25, 27 (2004). Upon the filing of an N.C. Gen. Stat. § 7A-66 affidavit seeking removal of a district attorney, the superior court is required to perform a two-prong analysis: (1) the superior court must determine whether "the charges if true constitute grounds for suspension" of the district attorney; and (2) the superior court must also find "probable cause for believing that the charges are true." N.C. Gen. Stat. § 7A-66 (2013). If the court finds both of these things exist, it must hold a hearing and "may enter an order suspending the district attorney from performing the duties of his office until a final determination of the charges on the merits." *Id*. However, "[i]f the superior court judge finds that the charges if true do not constitute grounds for suspension or finds that no probable cause exists for believing that the charges are true, he shall dismiss the proceeding." *Id*.

Here, appellant-affiant is appealing Judge Hudson's order dismissing the removal proceeding initiated based on appellant-affiant's N.C. Gen. Stat. § 7A-66 affidavit. However, whether appellant-affiant has a right to appeal this order is controlled by this Court's decision in *In re Hudson*. In *In re Hudson*, 165 N.C. App. at 895, 600 S.E.2d at 26, an affiant had filed a similar affidavit pursuant to N.C. Gen. Stat. § 7A-66, charging that grounds existed to remove District Attorney G. Dewey Hudson. After noting that "[i]n proceedings under N.C. Gen. Stat. § 7A-66, the affiant is not a party, but rather is merely a citizen presenting possible grounds for removal to the court[,]" the Court looked at other similar proceedings, such as dismissed complaints against judges before the Judicial Standards Commission and decisions by the chief district court judge to not conduct a hearing on the removal of a magistrate, to determine whether the affiant had a right to appeal the trial court's dismissal of the removal proceedings. *Id*. at 897-98, 600 S.E.2d at 28. The Court concluded that, based on the legislature's refusal to include a right of appeal for the affiant even though it specifically provided a right of appeal for removed district attorneys, an affiant has no right to appeal an order dismissing an affidavit charging a district

attorney with one or more grounds for removal under section 7A-66 and dismissed his appeal. *Id*. at 898, 600 S.E.2d at 28.

Here, appellant-affiant is appealing the order dismissing the removal proceeding against DA Stanback. Based on *In re Hudson*, appellant-affiant is not a party in the removal proceedings and has no right to appeal Judge Hudson's order. Moreover, since he was not a party, he had no right to file a Rule 60(b) motion to remove Judge Hudson from the probable cause determination; thus, he has no right to appeal that order either. Consequently, we dismiss appellant-affiant's appeal.

## Conclusion

Based on the foregoing reasons, we dismiss appellant-affiant's appeal.

DISMISSED.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).