An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1415

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

    v.                                    Buncombe County
                                          No. 11 CRS 60559
BLADE CHRISTIAN FRIERSON


Appeal by Defendant from Judgment entered 31 May 2013 by Judge C. Philip Ginn in Buncombe County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Matthew L. Boyatt, for the State.*

> *David R. Payne, P.A., by David R. Payne, for Defendant.*


STEPHENS, Judge.


On 31 May 2013, a jury found Defendant Blade Christian Frierson guilty of driving while impaired. The trial court sentenced Defendant to a period of 120 days incarceration, suspended the sentence, and placed defendant on supervised

probation for a period of two years.[1] Defendant filed notice of appeal to this Court on 28 June 2013.

Before we can reach the merits of Defendant's appeal, we must determine whether we have jurisdiction to consider the appeal. "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy,* 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). To invoke this Court's jurisdiction, a defendant must give notice of appeal either orally at trial or in writing within fourteen days after entry of judgment in accordance with N.C.R. App. P. 4(a). *State v. Parker*, 214 N.C. App. 190, 191, 713 S.E.2d 770, 771 (2011). "[A] jurisdictional default brings a purported appeal to an end before it ever begins. Moreover, in the absence of jurisdiction, the appellate courts lack authority to consider whether the circumstances of a purported appeal justify [the] application of [N.C.R. App. P. 2]." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008). As a result, when the record fails to show that the appellant gave timely and proper notice of appeal, this Court is required to dismiss the appeal for lack of

---

[1] The written judgment is not contained in the record on appeal. The sentence imposed by the trial court is obtained from the stenographic transcript.

jurisdiction. *State v. Hughes*, 210 N.C. App. 482, 485, 707 S.E.2d 777, 779 (2011).

Here, the transcript does not show that Defendant gave oral notice of appeal at trial. On the contrary, the trial court's initial appellate entries are dated 19 September 2013 and were filed on 24 September 2013. In addition, the record shows that Defendant filed written notice of appeal on 28 June 2013, more than fourteen days after entry of the 31 May 2013 judgment.[2] Accordingly, we do not have jurisdiction to review this appeal.

Defendant has not acknowledged that his notice of appeal is untimely, has not filed a petition for a writ of *certiorari*, and has not requested that we consider his brief as such a petition. Therefore, we decline to treat his brief as a petition for writ of *certiorari* and to consider the merits of this appeal. *See State v. Inman*, 206 N.C. App. 324, 325-26, 696 S.E.2d 567, 569 (2010). Defendant's appeal is

DISMISSED.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).

---

[2] The record contains no explanation for the delay between the filing of the notice of appeal and the court's filing of its appellate entries.