MURPHY, Judge.
Lamont Nichols ("Defendant") purports to appeal denial of his motions to dismiss, denial of his motion to suppress evidence, introduction of two pieces of evidence, and whether charges against him were properly joined for trial. However, we dismiss Defendant's appeal.
We lack jurisdiction in this matter and cannot address the merits of Defendant's appeal. The question of jurisdiction can be raised sua sponte. Reece v. Forga , 138 N.C. App. 703, 704, 531 S.E.2d 881, 882 (2000) ("A party may not waive jurisdiction, and a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ... when subject matter jurisdiction is lacking." (citations omitted) ). The transcript of Defendant's criminal trial reveals that Defendant did not give oral notice of appeal at trial. Likewise, the Record on Appeal contains no written notice of appeal or signature page of the purported judgment.
Defendant has failed to comply with Rule 9(a)(3) of the North Carolina Rules of Appellate Procedure. Rule 9(a)(3)(g)-(h) requires the Record on Appeal to contain,
g. copies of the verdict and of the judgment, order, or other determination from which appeal is taken; ...
h. a copy of the notice of appeal or an appropriate entry or statement showing appeal taken orally[.]
N.C. R. App. P. 9(a)(3)(g)-(h) (2017).
The Record on Appeal contains the first page of a judgment and commitment form (AOC-CR-601). However, the signature of the presiding judge and the date of the judgment are missing. "It is the appellant's duty and responsibility to see that the record is in proper form and complete." State v. Alston , 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983). Whether there is a proper judgment is moot as we lack jurisdiction to hear this case without inclusion of the notice of appeal.
The Record on Appeal does not demonstrate that Defendant has properly appealed in accordance with Rule 4 of the North Carolina Rules of Appellate Procedure. Rule 4(a) states that in a criminal case, a party may appeal by,
(1) giving oral notice of appeal at trial, or
(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order or within fourteen days after a ruling on a motion for appropriate relief made during the fourteen-day period following entry of the judgment or order.
N.C. R. App. P. 4(a) (2017).
Defendant states that he "gave Notice of Appeal to the North Carolina Court of Appeals." This is only supported in the Record by appellate entries. "[T]he fact that the [R]ecord contains appellate entries does not, without more, suffice to show that Defendant properly appealed from the trial court's judgment to this Court." State v. Hughes , 210 N.C. App. 482, 485, 707 S.E.2d 777, 779 (2011). Consequently, Defendant's actions are not sufficient to provide us with jurisdiction. See State v. Webber , 190 N.C. App. 649, 660 S.E.2d 621 (2008) (finding that where there was no oral notice of appeal in the transcript or written notice of appeal in the record there was no jurisdiction to hear the appeal). "When the record does not include a notice of appeal, the appellate courts are without jurisdiction." In re Hudson , 165 N.C. App. 894, 898, 600 S.E.2d 25, 28 (2004) (citations omitted). Accordingly, we lack jurisdiction over Defendant's appeal.
DISMISSED.
Report per Rule 30(e).
Judges BRYANT and BERGER concur.