TYSON, Judge.
Juan Rafeal Benjamin ("Defendant") appeals from a judgment entered upon his Alford plea to possession of a stolen firearm and possession with intent to sell or deliver ("PWISD") marijuana. We dismiss Defendant's appeal from his criminal judgment, but allow Defendant's petition for writ of certiorari to review, vacate, and remand the civil judgment entered against Defendant for the payment of attorney's fees without prior notice and opportunity to be heard.
I. Background
On 1 April 2016, Defendant was a backseat passenger in a vehicle that was stopped based on a registration violation. During the course of the traffic stop, Defendant was searched. Officers discovered Defendant possessed baggies of marijuana and a stolen firearm. Defendant was subsequently indicted for possession of a stolen firearm, PWISD marijuana, and carrying a concealed weapon.
Defendant filed a pretrial motion to suppress challenging the validity of the traffic stop, which was denied by the trial court. On 27 November 2017, Defendant entered an Alford plea to possession of a stolen firearm and PWISD marijuana, pursuant to a plea arrangement with the State. As part of the arrangement, the State dismissed the charge of carrying a concealed weapon. The trial court sentenced Defendant to 5 to 15 months of imprisonment, which was suspended, and placed Defendant on supervised probation for 18 months.
On 30 November 2017, the trial court amended Defendant's transcript of plea to reflect that Defendant had reserved the right to appeal the denial of his pretrial motion to suppress as part of his plea. On 4 December 2017, the court entered a civil judgment for $2,172.50 of attorney's fees. On 12 December 2017, Defendant filed a written notice of appeal from the criminal judgment. On 4 January 2018, Defendant's counsel gave oral notice of appeal of the same criminal judgment.
II. Jurisdiction
A. Notice of Appeal
As an initial matter, we address whether Defendant's appeal is properly before us. Appellate Rule 4(a) provides that a Defendant may appeal from an order or judgment in a criminal action by (1) "giving oral notice of appeal at trial," or (2) "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment[.]" N.C. R. App. P. 4(a). In this case, judgment was entered on 27 November 2017, and Defendant did not file a written notice of appeal until 12 December 2017, fifteen days after judgment was entered. Defendant's written notice of appeal is untimely. His subsequent 4 January 2018 oral notice of appeal was also untimely, as it was not given at trial. This Court lacks jurisdiction over Defendant's appeal of right. We grant the State's motion to dismiss Defendant's appeal from his criminal judgment. See State v. Hughes , 210 N.C. App. 482, 485, 707 S.E.2d 777, 779 (2011).
B. Petition for Writ of Certiorari
Defendant acknowledges that he failed to give timely notice of appeal and has filed a petition for writ of certiorari to seek alternative basis for our review. See N.C. R. App. P. 21(a) (A "writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action"). In both the petition and his brief, Defendant fails to argue the trial court erred regarding the acceptance of Defendant's Alford plea or the entry of the criminal judgment. Defendant has failed to show any good cause for issuance of the writ. In the exercise of our discretion, we deny Defendant's petition for writ of certiorari regarding his criminal judgment. See State v. Rouson , 226 N.C. App. 562, 563-64, 741 S.E.2d 470, 471, disc. review denied , 367 N.C. 220, 747 S.E.2d 538 (2013) ("A petition for the writ [of certiorari ] must show merit or that error was probably committed below. Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." (internal quotation marks and citation omitted)). The acceptance of Defendant's Alford plea and the entry of the criminal judgment entered thereon remain undisturbed.
III. Issue
Defendant's petition for writ of certiorari also seeks review of the civil judgment for attorney's fees that was entered against him. Defendant never entered written notice of appeal as to this judgment, as is required by N.C. R. App. P. 3(a). It appears Defendant has raised a meritorious issue with respect to this civil judgment. In our discretion, we allow the petition and issue the writ of certiorari to address the merits of Defendant's appeal from the civil judgment.
IV. Analysis
Defendant argues, and the State concedes, that the trial court erred by ordering Defendant's attorney's fees to be entered as a civil judgment without providing Defendant with prior notice and an opportunity to be heard. We agree.
N.C. Gen. Stat. § 7A-455 (2017) permits the trial court to enter a civil judgment against an indigent defendant for fees incurred by the defendant's court-appointed attorney. See State v. Jacobs , 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005). Prior to entering judgment pursuant to N.C. Gen. Stat. § 7A-455, the trial court shall give the defendant "notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." Id . at 236, 616 S.E.2d at 317.
[B]efore entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants -- personally, not through counsel -- whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
State v. Friend , --- N.C. App. ----, ----, 809 S.E.2d 902, 907 (2018).
In this case, after judgment was entered, trial counsel informed the court that he was seeking reimbursement for the 31.6 hours he worked in the case as well as $6.50 in expenses. The trial court rendered its judgment and stated "I tell you what I'm going to do: I'll make the restitution, costs, and attorney's fees all a civil judgment." The court next addressed Defendant directly, telling him, among other things:
You're not going to have to pay any money. You're -- well, you have a judgment, so it's possible that if you got a tax refund, maybe that could get taken away from you to help pay for the stuff, but you're not going to have obligations where you're going to have to pay money every month.
The court did not pause at this point, but it continued to explain how other aspects of Defendant's probation would work.
V. Conclusion
The foregoing colloquy shows that, although Defendant was on notice of the imposition of attorney's fees, he was not given the opportunity to be heard on the issue. The trial court's civil judgment for attorney's fees is vacated and this cause is remanded to the trial court for further proceedings on this issue. "On remand, the State may apply for a judgment in accordance with N.C. Gen. Stat. § 7A-455, provided that [D]efendant is given notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." Jacobs , 172 N.C. App. at 236, 616 S.E.2d at 317.
The purported appeal of the denial of Defendant's motion to suppress is dismissed. His petition for writ of certiorari on this issue is denied. Defendant's petition for writ of certiorari to review the civil judgment for attorney's fees is allowed. The trial court's civil judgment for attorney's fees is vacated and this cause is remanded to the trial court for further proceedings on this issue. It is so ordered .
DISMISSED IN PART, VACATED IN PART, AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.