IN THE MATTER OF: ME.B., M.J., MO.B.

No. COA06-853

(Filed 6 February 2007)

**Appeal and Error— notice of appeal—required—appellate entries not sufficient**

An appeal by a father whose parental rights had been terminated was dismissed where the record did not include a written notice of appeal. Mere appellate entries are not sufficient to preserve the right to appeal. Furthermore, respondent did not petition for a writ of certiorari.

Appeal by respondent-father from judgments entered 20 September 2005 by Judge W. Rob Lewis II in Bertie County District Court. Heard in the Court of Appeals 11 January 2007.

*Gillam and Gillam, by M. Braxton Gillam III, for Bertie County Department of Social Services, petitioners-appellees.*

*Holtkamp Law Firm, by Lynne M. Holtkamp, for the Guardian ad Litem.*

*Richard E. Jester, for respondent-appellant.*

IN RE Me.B., M.J., Mo.B.

[181 N.C. App. 597 (2007)]

JACKSON, Judge.

Jerry B. ("respondent") appeals the trial court's order filed on 20 September 2005 terminating his parental rights to Me.B., M.J., and Mo.B. (collectively, "the minor children"). For the reasons stated herein, we dismiss the appeal.

On 9 October 2000, the Bertie County Department of Social Services ("DSS") received a report that respondent was abusing crack cocaine and was abusing the minor children by inappropriately fondling one or more of them. On 13 October 2000, DSS took the minor children into nonsecure custody based upon a petition alleging abuse and neglect. At the time, Mo.B. was five years old, Me.B. was four years old, and M.J. was less than two years old. On 8 December 2000, the trial court adjudicated the minor children neglected. The court found that the father was abusing alcohol and cocaine while taking medication for paranoid schizophrenia and that the combination of the controlled substances and psychotropic medications placed the children at risk. Specifically, the combination of alcohol, cocaine, and respondent's medications "can intensify symptoms such as poor impulse control, hostility, paranoia, an increased seizure threshold, and poor judgment." In its dispositional order filed on 27 July 2001, the trial court allowed supervised weekly visitation and required random drug testing and substance abuse counseling, with the goal of reunification with respondent.

Respondent initially was cooperative, and after two negative drug screens, respondent was permitted unsupervised visitation. In February 2001, however, several of respondent's drug screens were returned as "unable to read" or "unsuitable" due to dilution. As a result, visitations once again were supervised, and respondent was ordered to submit to random unannounced drug tests administered in the presence of an employee of Roanoke Chowan Human Services. Respondent subsequently tested positive for cocaine in March, April, May, June, and July, and on several occasions, respondent refused to submit to testing.

From late 2001 until October 2002, however, respondent exhibited progress and DSS anticipated return of the children to respondent in October 2002. All drug screens from October 2001, through July 2002 were returned negative, and at a Permanency Planning Hearing on 22 August 2002, DSS continued to recommend reunification and also expressed the hope of phasing in unsupervised and overnight visits.

**IN RE ME.B., M.J., Mo.B.**

[181 N.C. App. 597 (2007)]

On 10 October 2002, however, respondent tested positive for cocaine during a random drug screen, and consequently, unsupervised visits were ceased. On several occasions from November 2002 to February 2003, respondent refused DSS' requests that he submit to random drug tests. On 19 February 2003, respondent once again tested positive for cocaine. On 7 April 2003, the trial court found that respondent's attendance at group therapy was sporadic and noted that respondent's substance abuse counselor described respondent's behavior as "characteristic of one who has maintained the lifestyle of a user of controlled substances." Respondent described group therapy as "really boring" and continued to deny that he had a substance abuse problem.

On 14 March 2003, the trial court changed the permanency plan from reunification to adoption. Respondent always has professed a love and concern for his children, but the trial court nevertheless found that "[b]ecause of [respondent's] lack of progress after 26-1/2 months, further efforts to reunite the juvenile[s] with [their] father clearly would be futile and inconsistent with the juvenile[s'] need for a safe, permanent home within a reasonable period of time."

On 6 June 2003, DSS filed motions to terminate respondent's parental rights to the minor children. The trial court held hearings on 2 February 2005 and 29 July 2005, and on 20 September 2005, the trial court entered an order terminating respondent's parental rights.

On appeal, respondent contends that the trial court improperly blended the adjudication and disposition phases of the termination hearing. Respondent also contends that the trial court erred in making several findings of fact and conclusions of law. For the following reasons, however, we must dismiss the instant appeal.

"Any party entitled by law to appeal from a judgment or order rendered by a judge in superior or district court in a civil action or in a special proceeding may take appeal by giving notice of appeal within the time, in the manner, and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 1-279.1 (2003). Rule 3(b)[1] of the North Carolina Rules of Appellate Procedure provides that appeals of termination of parental rights shall be taken in the time and manner as set out in North Carolina General Statutes, section 7B-1113.[2] *See* N.C. R. App. P. 3(b) (2005). Section 7B-1113, in

---

1. The instant appeal preceded the amendments to Rule 3 effective 1 May 2006.

2. The motions in the instant case were filed prior to the 1 October 2005 effective date of the amendments repealing section 7B-1113.

IN RE ME.B., M.J., Mo.B.

[181 N.C. App. 597 (2007)]

turn, provides that any party to a termination proceeding "may appeal from an adjudication or any order of disposition to the Court of Appeals, *provided that notice of appeal is given in writing within 10 days after entry of the order*." N.C. Gen. Stat. § 7B-1113 (2003) (emphasis added).

It is well-established that " '[w]ithout proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2 [of the Rules of Appellate Procedure].' " *Finley Forest Condo. Ass'n v. Perry*, 163 N.C. App. 735, 741, 594 S.E.2d 227, 231 (2004) (quoting *Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995)); *see also In re A.L.*, 166 N.C. App. 276, 277-78, 601 S.E.2d 538, 538-39 (2004).

Here, the record on appeal does not contain a written notice of appeal. Although the record includes appellate entries entered on 22 September 2005 which indicate through boilerplate that defendant gave notice of appeal, mere appellate entries are insufficient to preserve the right to appeal. *See State v. Blue*, 115 N.C. App. 108, 113, 443 S.E.2d 748, 751 (1994) (holding that the defendant did not preserve his right to appeal where the record included appellate entries but did not include a written notice of appeal filed with the trial court).

Respondent failed to satisfy the jurisdictional requirement of filing a notice of appeal and including the same in the record on appeal. Furthermore, respondent has failed to petition this Court for a writ of certiorari requesting this Court to consider the merits of the appeal. Accordingly, we are without jurisdiction to hear this case, and therefore, we must dismiss the instant appeal.

DISMISSED.

Judges CALABRIA and GEER concur.