STATE OF NORTH CAROLINA v. SCOTTIE BRENT WEBBER

No. COA07-934

(Filed 20 May 2008)

**Appeal and Error— notice of appeal not timely—motion for appropriate relief withdrawn and not ruled upon**

An appeal from a conviction for trafficking in cocaine and other charges was dismissed where defendant did not give notice of appeal within fourteen days of conviction, instead filing and later withdrawing a motion for appropriate relief alleging juror misconduct. There was no ruling on the motion because it was withdrawn, and defendant's notice of appeal was given more than one year after the fourteen day appeal period had ended.

Judge HUNTER dissenting.

Appeal by defendant from judgments entered 30 January 2006 by Judge Beverly T. Beal in Cleveland County Superior Court. Heard in the Court of Appeals 20 February 2008.

STATE v. WEBBER

[190 N.C. App. 649 (2008)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Dana B. French, for the State.*

*Glenn Gerding, for defendant-appellant.*

JACKSON, Judge.

Scottie Brent Webber ("defendant") appeals the denial of his motions to dismiss charges against him and the imposition of probation on one of his convictions. For the following reasons we dismiss.

On 26 and 30 January 2006, a jury found defendant guilty of possession of cocaine with intent to sell or deliver; trafficking in cocaine by possession; intentionally maintaining a vehicle for the keeping or selling of controlled substances; failure to stop for blue light and siren; driving while license has been revoked; felony operating a motor vehicle to elude arrest; and resisting, delaying, or obstructing an officer. Defendant was sentenced to a term of confinement in the Department of Correction for thirty-five to forty-two months on the charge of trafficking in cocaine by possession, followed by a term of eight to ten months for the charge of possession of cocaine with intent to sell or deliver. The charges of intentionally maintaining a vehicle for the keeping or selling of controlled substances, failure to stop for blue light and siren, and driving while license has been revoked were consolidated into a single sentence of 120 days, suspended for a term of thirty-six months of supervised probation, to be served at the expiration of defendant's second active sentence. The charges of felony operating a motor vehicle to elude arrest and resisting, delaying, or obstructing an officer were consolidated into a single term of nine to eleven months confinement, suspended for a term of sixty months of supervised probation, also to be served at the expiration of defendant's second active term.

On 8 February 2006, defendant filed a Motion for Appropriate Relief ("MAR") alleging juror misconduct. Over a year later, on 19 February 2007, defendant's MAR was called for a hearing. At the hearing, defendant withdrew his MAR, having been unable to substantiate any juror misconduct, and orally entered notice of appeal.

We are without jurisdiction in this matter, and, therefore, unable to address the merits of defendant's appeal. It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte. Reece v. Forga,* 138 N.C. App. 703, 704, 531 S.E.2d 881, 882 ("A party may not

waive jurisdiction, and a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking." (citations omitted)), *disc. rev. denied,* 352 N.C. 676, 545 S.E.2d 428 (2000).

Rule 4 of the North Carolina Rules of Appellate Procedure governs how and when appeals may be taken in criminal cases. Pursuant to Rule 4,

> Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by (1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within 14 days after entry of the judgment or order or within 14 days after a *ruling* on a motion for appropriate relief made during the 14-day period following entry of the judgment or order.

N.C. R. App. P. 4(a) (2007) (emphasis added).

A review of the transcript of defendant's criminal trial reveals that defendant did not give oral notice of appeal within fourteen days of conviction. The record similarly contains no written notice of appeal filed with the clerk of superior court within fourteen days of defendant's convictions. Although defendant summarily states in the 'Organization of the Court' portion of the record on appeal that he filed an MAR within fourteen days of his convictions, the record contains no other documentation establishing this fact. Our review is based "solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, . . . and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d)." N.C. R. App. P. 9(a) (2007). "It is the appellant's duty and responsibility to see that the record is in proper form and complete." *State v. Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983) (citations omitted).

Further, the record reveals that there was no *ruling* on defendant's MAR as defendant withdrew his MAR before the judge could begin to consider it. Defendant's oral notice of appeal after withdrawal of his MAR was given on 19 February 2007, more than one year after the fourteen day appeal period had ended.

"[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy,* 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, *appeal dismissed,* 360 N.C. 73, 622 S.E.2d 626 (2005) (citing *State v. McMillian,* 101 N.C. App.

STATE v. WEBBER

[190 N.C. App. 649 (2008)]

425, 427, 399 S.E.2d 410, 411, *disc. rev. denied*, 328 N.C. 335, 402 S.E.2d 842 (1991)). Unless jurisdictional prerequisites are met, an appeal must be dismissed. *Giannitrapani v. Duke University*, 30 N.C. App. 667, 670, 228 S.E.2d 46, 48 (1976). This Court recently reaffirmed the principle that "without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2 of the Rules of Appellate Procedure." *In re Me.B., M.J., Mo.B.*, 181 N.C. App. 597, 600, 640 S.E.2d 407, 409 (2007) (citations, alterations, and quotation marks omitted); *see also In re Hudson*, 165 N.C. App. 894, 898, 600 S.E.2d 25, 28 (noting that "[w]hen the record does not include a notice of appeal, the appellate courts are without jurisdiction." (citations omitted)), *appeal dismissed, disc. rev. denied, and cert. denied*, 359 N.C. 189, 607 S.E.2d 271 (2004).

Dismissed.

Judge BRYANT concurs.

Judge HUNTER dissents in a separate opinion.

HUNTER, Judge, dissenting.

As the majority notes, at the hearing on defendant's motion for appropriate relief, he both withdrew that motion and orally entered notice of appeal. Had defendant requested that the court deny the motion for appropriate relief rather than withdrawing it, defendant would not have lost his right to appeal the other issues in this case. As the majority notes, Rule 4(a) of the North Carolina Rules of Appellate Procedure requires " 'filing notice of appeal . . . within 14 days after entry of the judgment or order or within 14 days after a ruling on a motion <u>for appropriate relief</u> made during the 14-day period following entry of the judgment or order.' " (Emphasis added.) Because the record reflects no notice of appeal filed within fourteen days of the judgment, defendant by withdrawing the motion for appropriate relief lost any right to appeal. As such, it is clear to me that the withdrawal of the motion was an inadvertent error. In light of this, I would grant *certiorari* and hear this appeal not only because I believe it would prevent injustice to defendant, who has lost his right to appeal because of this error, *see* N.C.R. App. P. 21(a)(1), but also in the interests of judicial economy: If we dismiss this appeal, defendant

will almost certainly petition this Court for a writ of *certiorari*; given the issues of injustice that petition will present, this Court will likely grant the petition, and we will then have to hear this appeal on its merits instead of disposing of it with finality at this time.

For these reasons, I would not dismiss this appeal but hear it on its merits. After having reviewed the merits of this case, I would find no error in the judgment of the court as to the portion of defendant's trial through the jury verdict, but would remand for resentencing as conceded by the State.