An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-739
NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014


JONATHAN HENSLEE,
      Plaintiff

      v.                              Industrial Commission
                                      No.  TA-22724
NORTH CAROLINA DEPARTMENT
OF PUBLIC SAFETY,
      Defendant


Appeal by plaintiff from decision and order entered 20 March 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 December 2013.


    *Plaintiff-appellant Jonathan Henslee, pro se.*

    *Attorney General Roy Cooper, by Associate Attorney General Adrian W. Dellinger, for defendant-appellee North Carolina Department of Public Safety.*


HUNTER, JR., Robert N., Judge.


Plaintiff Jonathan Henslee appeals from a decision and order of the North Carolina Industrial Commission ("the Commission") denying his claim pursuant to the Tort Claims Act. We dismiss the appeal.

Plaintiff had a statutory right to appeal to this Court from the Commission's final decision and order. N.C. Gen. Stat. § 7A-29(a) (2013). However, "'[w]ithout proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2 [of the Rules of Appellate Procedure].'" *Finley Forest Condo. Ass'n v. Perry*, 163 N.C. App. 735, 741, 594 S.E.2d 227, 231 (2004) (internal quotation marks and citation omitted). Therefore, an appellant's failure to file a written notice of appeal and include the notice in the record on appeal are sufficient grounds to dismiss the appeal. *In re Me.B.*, 181 N.C. App. 597, 600, 640 S.E.2d 407, 409 (2007).

Here, plaintiff's record on appeal does not contain a written notice of appeal to this Court from the Commission's final order and decision, and plaintiff has failed to satisfy the jurisdictional requirement of demonstrating he filed written notice of appeal. Although plaintiff is acting *pro se*, he must still comply with the Rules of Appellate Procedure. *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999). Therefore, in the absence of a notice of appeal in the record on appeal, plaintiff's appeal is subject to dismissal.

Finally, we note that plaintiff has not petitioned this Court for a writ of certiorari requesting review of the Commission's order, and "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. DOT*, 359 N.C. 400, 402, 610 S.E.2d 360, 361, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005). Accordingly, we dismiss the appeal.

Dismissed.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).