TYSON, Judge.
 

 *529
 
 Lawrence Keith McGee's ("Defendant") petition for a writ of certiorari from the trial court's denial of his motion for appropriate relief ("MAR") was allowed. Defendant's argument he now asserts was not set forth in his petition and cannot be reviewed within the scope allowed by this Court's 27 August 2014 order issuing the writ of certiorari. We dismiss Defendant's writ.
 

 I. Background.
 

 On 12 May 2008, Defendant appeared in Forsyth County Superior Court and pleaded guilty to eighteen felonies: (1) six counts of
 
 *917
 
 breaking and entering; (2) three counts of larceny after breaking and entering; (3) two counts of driving while intoxicated ("DWI"); (4) one count of attempted breaking and entering a building; (5) one count of attempted larceny; (6) one count of possession of stolen goods or property; (7) one count of possession of burglary tools; (8) one count of eluding arrest; (9) one count of driving while license revoked ("DWLR"); and (10) one count of eluding arrest with two aggravating factors. Defendant also pleaded guilty to two counts of attaining the status of a habitual felon. The charges, which resulted from five separate incidents, were consolidated by the court for judgment.
 

 At the plea hearing, the trial court conducted a colloquy with Defendant pursuant to N.C. Gen.Stat. § 15A-1022. Defendant stated his attorney had explained all of the charges to him. Defendant also acknowledged he understood how his habitual felon status charges affected sentencing in each of the predicate felonies to which they applied. The Court informed Defendant of the mandatory minimum and the possible maximum punishment for each of the charged offenses.
 

 Under the plea arrangement, fifteen of the eighteen charges, with the exception of the two DWI charges and the DWLR charge, were consolidated for judgment. Defendant was to be sentenced at the minimum of the presumptive range as a habitual felon for those charges. The two DWI and single DWLR charges were to be consolidated and the sentence imposed would run consecutively with the other sentence.
 

 After listening to the State's factual basis for the plea, Judge William Z. Wood expressed reservations with the plea arrangement, and stated
 
 *530
 
 he was "not sure eight years is enough" for the number and seriousness of the offenses charged. In response, the prosecutor pointed out the presumptive range for Defendant's sentence under the plea arrangement would be a minimum of 135 months imprisonment. Judge Wood responded "Okay. Thank you. I can stand that. Okay."
 

 After considering the plea and conducting a colloquy with one of Defendant's victims in open court, the following conversation took place between the court, Defendant's counsel, and Defendant:
 

 THE COURT: ... well, if you-all want to go to the top of the presumptive, I'll do that. That's 168 to 211. If you need a little while to talk about it, that's fine.
 

 [Defendant's counsel]: Your Honor, there's nothing I can talk to my client about. He's sat here and heard everything. It's his decision. If he wants more time to think about it-
 

 THE COURT: I know. If he needs a minute to think about it. It's his life. I'm not going to-one way or the other.
 

 THE DEFENDANT: I would like to have time to talk to my wife about it, if that's okay.
 

 THE COURT: Sure. Where is she?
 

 THE DEFENDANT: I'll have to-she'll come visit me in jail tonight.
 

 THE COURT: No. I won't be here tomorrow.
 

 THE DEFENDANT: Oh. I guess I ain't (sic) got much choice.
 

 THE COURT: No. You got a choice. If you want to think about it a minute, we'll do the next case and then come back to it. I think that's fair.
 

 Following this colloquy, the Court took a six-minute recess during which Defendant and his counsel discussed the new plea offer. After recess, Defendant agreed to the new plea offer and signed the modification.
 

 The modification to Defendant's plea arrangement states: "Defendant agrees to the modifying (sic) the agreement to sentence the Defendant on the top of the presumptive range as a habitual felon." Consistent with the modification to the plea arrangement and as announced during the later colloquy with Defendant, the trial court sentenced Defendant to a
 
 *531
 
 minimum of 168 months and a maximum of 211 months imprisonment. Defendant failed to pursue a direct appeal.
 

 Over seven years later on 28 March 2014, Defendant filed an MAR in the Forsyth County Superior Court. On 8 July 2014, the court denied Defendant's MAR. On 11 August 2014, Defendant filed a Petition for Writ of Certiorari with this Court.
 

 *918
 
 On 27 August 2014, this Court allowed Defendant's petition, "to permit appellate review" of the trial court's denial of Defendant's MAR. This Court's order specifically states: "The scope of the appeal shall be limited to the issues raised in petitioner's 28 March 2014 motion for appropriate relief."
 

 II. Issue
 

 Defendant argues the trial court erred in denying his MAR. He asserts his MAR should have been granted, because the trial court failed to follow the procedural requirements mandated by N.C. Gen.Stat. §§ 15A-1023(b) and/or 15A-1024 (2013) in accepting his guilty plea.
 

 III. Motion to Dismiss
 

 The State filed a motion to dismiss this appeal. The motion asserts Defendant's arguments are inconsistent with; fall outside of; and, are not limited to the scope of review permitted by this Court's 27 August 2014 order allowing the petition for writ of certiorari.
 

 A. Analysis
 

 This Court's 27 August 2014 order limited the scope of appellate review to "the issues raised in [Defendant's] 28 March 2014[MAR]." In his brief, Defendant argues the trial court erred in denying his MAR because the sentencing court violated the procedural requirements of N.C. Gen.Stat. §§ 15A-1023(b) and/or 15A-1024 in accepting his guilty plea. The State contends these arguments are not "issues raised" in Defendant's 28 March 2014 MAR. We agree.
 

 1. Defendant's MAR
 

 Defendant made various claims in his 28 March 2014 MAR. Among them, and as relevant here, Defendant alleged:
 

 6. That N.C. Gen.Stat. § 15A-1023(b) states, "Upon rejection of the plea arrangement by the judge, the defendant is entitled to a continuance until the next session of court." Moreover N.C. Gen.Stat. § 15A-1024 states that, "If at the
 
 *532
 
 time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court."
 

 7. At no time during the sentencing hearing did the Hon. William Z. Wood, Jr. inform [Defendant] of his right to a continuance until the next session of court. Instead, when asked by [Defendant] for at least a day to think over the new plea the Hon. William Z. Wood, Jr. stated, "No. I won't be here tomorrow." ... [Defendant] in response stated, "Oh. I guess I ain't (sic) got much choice".
 

 Allegation 10 in Defendant's MAR is a verbatim recitation of allegation 7, but omits the last sentence. Based upon these, and other, factual allegations, Defendant's MAR claimed his plea was unconstitutional because: (1) it was not knowing, voluntary and intelligent; and (2) he received ineffective assistance of counsel because his trial counsel failed to inform him of his right to a continuance. Defendant also claimed his prior record level was incorrectly assessed.
 

 Defendant claims the above quoted factual allegations asserted in his MAR raises the question of whether the trial court violated N.C. Gen.Stat. §§ 15A-1023(b) and/or 15A-1024 is an "issue presented" by his MAR, and places it within the scope of review permitted by this Court's 27 August 2014 order. The General Statutes and this Court's precedents foreclose such an interpretation of that order.
 

 2. Violation of N.C. Gen.Stat. §§ 15A-1023(b) or 15A-1024
 

 N.C. Gen.Stat. §§ 15A-1023 and 15A-1024 are codified within Article 58 of Chapter 15A of the General Statutes. Article 58 is entitled "Procedures Relating to Guilty Pleas in Superior Court." N.C. Gen.Stat. § 15A-1027, another statute located in Article 58 of Chapter 15A, is entitled "Limitation on collateral attack on conviction," and provides: "Noncompliance with the procedures of this Article may not be a basis for review of a conviction after the appeal period for the conviction has expired." N.C. Gen.Stat. § 15A-1027 (2013).
 

 *919
 
 Pursuant to N.C. Gen.Stat. § 15A-1027, the trial court's alleged noncompliance with N.C. Gen.Stat. §§ 15A-1023(b) and/or 15A-1024 may not be a basis for review of Defendant's sentence after "the appeal period" has expired.
 
 See
 

 *533
 

 State v. Rhodes,
 

 163 N.C.App. 191
 
 , 194,
 
 592 S.E.2d 731
 
 , 733 (2004) (noting N.C. Gen.Stat. § 15A-1027 "expresses the General Assembly's intent to permit review of procedural violations only during 'the appeal period.' "). Our Supreme Court has stated that a MAR is a collateral attack on a conviction.
 
 See
 

 State v. Handy,
 

 326 N.C. 532
 
 , 536,
 
 391 S.E.2d 159
 
 , 161 (1990) (citations omitted) (noting "[a] motion to withdraw a guilty plea made before sentencing is significantly different from a post-judgment or collateral attack on such a plea, which would be by a motion for appropriate relief").
 

 In this case, Defendant pleaded guilty on 12 May 2008. Pursuant to Rule 4(a) of the North Carolina Rules of Appellate Procedure, Defendant was permitted fourteen days from the entry of judgment to file a direct appeal or a motion for appropriate relief to be considered filed during the appeal period:
 

 (a)
 
 Manner and time.
 
 Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
 

 (1) giving oral notice of appeal at trial, or
 

 (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within 14 days after entry of the judgment or order or within 14 days after a ruling on a motion for appropriate relief made during the 14-day period following entry of the judgment or order.
 

 N.C. R.App. P. 4(a) (2008). The "appeal period" in Defendant's case expired on or about 27 May 2008. Defendant is barred by statute and precedents from collaterally attacking the judgment entered on the basis of alleged noncompliance with the procedural rules set forth in Article 58 of Chapter 15A of the General Statutes. N.C. Gen.Stat. § 15A-1027. This Article includes both N.C. Gen.Stat. §§ 15A-1023 and 15A-1024.
 

 This reading of N.C. R.App. P. 4 and the phrase "the appeal period" is reinforced by this Court's holding in
 
 State v. Webber,
 

 190 N.C.App. 649
 
 ,
 
 660 S.E.2d 621
 
 (2008). In
 
 Webber,
 
 the defendant was found guilty of various offenses on 26 and 30 January 2006.
 

 Id.
 

 at 650
 
 ,
 
 660 S.E.2d at 621
 
 . On 8 February 2006, defendant filed a MAR alleging juror misconduct.
 

 Id.
 

 at 650
 
 ,
 
 660 S.E.2d at 622
 
 . On 19 February 2007, "[o]ver a year later," defendant's MAR was called for a hearing.
 

 Id.
 

 At the hearing, defendant "withdrew his MAR, having been unable to substantiate any juror misconduct, and orally entered notice of appeal."
 

 Id.
 

 *534
 
 Citing to N.C. R.App. P. 4(a), the Court in
 
 Webber
 
 found it lacked jurisdiction.
 

 Id.
 

 The Court noted defendant failed to give oral notice of appeal within fourteen days of conviction, and failed to give a written notice of appeal within the allowed fourteen-day window.
 

 Id.
 

 at 651
 
 ,
 
 660 S.E.2d at 622
 
 . The Court also found that there was no ruling entered on defendant's MAR, notwithstanding whether it was filed within 14 days of entry of judgment.
 

 Id.
 

 The Court concluded: "Defendant's oral notice of appeal after withdrawal of his MAR was given on 19 February 2007, more than one year after the fourteen[-]day appeal period had ended."
 

 Id.
 

 In this case, Defendant's MAR was filed more than seven years after the 14 day appeal period allowed by N.C. R.App. P. 4. Since the MAR was filed outside the appeal period, it is a collateral attack, and Defendant's argument is barred by N.C. Gen.Stat. § 15A-1027.
 

 This Court's 27 August 2014 order allowing Defendant's petition, over seven years after sentence was imposed, did not include the question of whether the trial court violated N.C. Gen.Stat. §§ 15A-1023(b) and/or 15A-1024 to be properly before this Court through certiorari review. Reading this Court's 27 August 2014 order to allow review of alleged procedural violations during Defendant's plea hearing would contravene both N.C. Gen.Stat. § 15A-1027 and our precedent in
 
 Rhodes.
 
 Both the statute and
 
 Rhodes
 
 makes it pellucidly clear that an alleged violation of a procedural rule found in Article 58 of Chapter 15A of the General Statutes may only be mounted during "the
 
 *920
 
 appeal period," and not through a collateral attack after such period expired. N.C. Gen.Stat. § 15A-1027 ("Noncompliance with the procedures of this Article may not be a basis for review of a conviction after the appeal period for the conviction has expired");
 
 Rhodes,
 

 163 N.C.App. at 194
 
 ,
 
 592 S.E.2d at 733
 
 . The law "does not permit parties to swap horses between courts in order to get a better mount" on appeal.
 
 Weil v. Herring,
 

 207 N.C. 6
 
 , 10,
 
 175 S.E. 836
 
 , 838 (1934).
 

 3. Statutory Right of Continuance
 

 Our holding does not diminish a trial court's duty, pursuant to N.C. Gen.Stat. §§ 15A-1023 and 15A-1024, to grant a continuance until the next session of court, following the rejection by the trial court of a guilty plea or the imposition of a sentence other than provided for in a plea arrangement. N.C. Gen.Stat. § 15A-1023(b) ("Upon rejection of the plea arrangement by the judge the defendant is entitled to a continuance until the next session of court."); N.C. Gen.Stat. § 15A-1024 ("Upon withdrawal [of a guilty plea], the defendant is entitled to a continuance until the next session of court."). Nor does this holding diminish a
 
 *535
 
 defendant's ability to pursue appellate review, in open court or during "the appeal period," of the trial court's alleged violations of the procedural requirements found in Article 58 of Chapter 15A of the General Statutes.
 

 IV. Conclusion
 

 Defendant failed to assert any permissible argument in his brief on appeal, which was allowed by this Court's 27 August 2014 order granting a writ of certiorari. Defendant made no argument in his brief to this Court regarding (1) ineffective assistance of trial counsel; (2) constitutional violations regarding the knowing, voluntary, or intelligent nature of his plea; or (3) prior record level assessment. We deem those arguments abandoned. N.C. R.App. P. 28(b)(6). The State's motion to dismiss is allowed.
 

 DISMISSED.
 

 Judges STROUD and DIETZ concur.