IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-316

 Filed: 1 November 2016

Buncombe County, No. 14 CRS 90194

STATE OF NORTH CAROLINA

 v.

ASHLEY MEREDITH ZUBIENA, Defendant.

 Appeal by defendant from judgment entered 2 November 2015 by Judge

William H. Coward in Buncombe County Superior Court. Heard in the Court of

Appeals 5 October 2016.

 Attorney General Roy Cooper, by Assistant Attorney General Alesia Balshakova,
 for the State.

 Linda B. Weisel for defendant-appellant.

 ENOCHS, Judge.

 Ashley Meredith Zubiena (“Defendant”) appeals from her conviction for assault

by strangulation. On appeal, she contends that the trial court erred in denying her

post-sentencing motion to withdraw her guilty plea and ordering her to pay a fine as

part of her sentence. After careful review, we dismiss Defendant’s appeal.

 Factual Background
 STATE V. ZUBIENA

 Opinion of the Court

 On 30 October 2015, a bill of information was filed charging Defendant with

assault by strangulation of her two-year-old daughter.1 On 2 November 2015, a plea

hearing was held before the Honorable William H. Coward in Buncombe County

Superior Court.

 Prior to the hearing, Defendant entered into plea negotiations with the State.

Ultimately, a plea arrangement was reached and set forth in a transcript of plea

which provided, in pertinent part, as follows:

 DEFENDANT SHALL PLEAD GUILTY TO ONE COUNT
 OF ASSAULT BY STRANGULATION. PURSUANT TO
 PLEA, THE STATE SHALL DISMISS THE REMAINING
 CHARGES DELINEATED HEREAFTER IN THIS
 TRANSCRIPT.

 PARTIES STIPULATE DEFENDANT IS A LEVEL III
 FOR FELONY SENTENCING WITH 6 POINTS.

The transcript of plea further stated that the offenses of misdemeanor child abuse

and driving while Defendant’s driver’s license was revoked were dismissed.

 At the hearing, the following colloquy took place between the trial court and

Defendant:

 THE COURT: All right. Miss Zubiena, are you able
 to hear and understand me?

 THE DEFENDANT: Yes, your Honor.

 1 Though the pertinent charging documents are not included in the record, it also appears from
the transcript of plea that Defendant was simultaneously charged with misdemeanor child abuse and
driving with a revoked driver’s license.

 -2-
 STATE V. ZUBIENA

 Opinion of the Court

 THE COURT: Do you understand that you have the
right to remain silent and that any statement that you
make may be used against you?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: What grade level can you read and
write?

 THE DEFENDANT: 12th.

 THE COURT: Are you now under the influence of
alcohol, drugs, narcotics, medicines, pills, or any other
substances?

 THE DEFENDANT: Yes, I’m under two
prescriptions.

 THE COURT: You’re under two prescriptions?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: And what are they?

 THE DEFENDANT: Methadone and Alprazolam.

 THE COURT: I got the first one. What’s the next
second one?

 THE DEFENDANT: Alprazolam -- Xanax.

 THE COURT: Xanax?

 THE DEFENDANT: Yes.

 THE COURT: All right. Have you taken those
today?

 THE DEFENDANT: Yes, your Honor.

 -3-
 STATE V. ZUBIENA

 Opinion of the Court

 THE COURT: And have you taken those in the
lawfully prescribed dosages?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do either of those substances have
any adverse effect on your ability to understand what’s
going on here today?

 THE DEFENDANT: No, your Honor.

 THE COURT: [Defense Counsel], would you confirm
that as far as you know, she is not affected in her cognitive
abilities by these prescription drugs?

 [DEFENSE COUNSEL]: I confirm that, sir.

 THE COURT: All right. Miss Zubiena, have the
charges been explained to you by your lawyer, and do you
understand the nature of the charges, and do you
understand every element of each charge?

 THE DEFENDANT: Yes, sir.

 THE COURT: Have you and your lawyer discussed
the possible defenses, if any, to the charges?

 THE DEFENDANT: Yes, sir.

 THE COURT: Are you satisfied with your lawyer’s
legal services?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that you have the
right to plead not guilty and to be tried by a jury?

 THE DEFENDANT: Yes, your Honor.

 -4-
 STATE V. ZUBIENA

 Opinion of the Court

 THE COURT: Do you understand that at such trial,
you have the right to confront and cross-examine the
witnesses against you?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that at a jury trial
you have the right to have a jury determine the existence
of any aggravating factors that may apply to your case
beyond a reasonable doubt?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that by your plea
you give up these and other valuable Constitutional rights
to a jury trial?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that if you’re not
a citizen of the United States of America, your plea of guilty
may result in your deportation from this country, your
exclusion from admission to this country, or the denial of
your naturalization under Federal law?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that upon
conviction of a felony, you may forfeit any state licensing
privileges you have in the event you refuse probation or if
your probation is revoked?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that following a
plea of guilty there are limitations on your right to appeal?

 THE DEFENDANT: Yes, your Honor.

 -5-
 STATE V. ZUBIENA

 Opinion of the Court

 THE COURT: You understand that your plea of
guilty may impact how long biological evidence relating to
your case; for example, blood, hair, or skin tissue will be
preserved?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that you’re
pleading guilty to the charge of assault by strangulation
which occurred on May 22, 2014 which is a Class H felony
for which the maximum punishment is 39 months?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you now personally plead guilty to
the charge that I just described?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Are you, in fact, guilty?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you understand that you also have
the right during a sentencing hearing to prove to the Court
the existence of any mitigating factors which may apply to
your case?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: You understand that the Courts have
approved the practice of plea arrangements, and you can
discuss your plea arrangement with me without fearing my
disapproval?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Have you agreed to plead guilty as
part of a plea arrangement?

 -6-
 STATE V. ZUBIENA

 Opinion of the Court

 THE DEFENDANT: Yes, your Honor.

 THE COURT: The Prosecutor and your lawyer have
informed the Court these are all the terms and conditions
of your plea. Defendant shall plead guilty to one count of
assault by strangulation. Pursuant to plea, the State shall
dismiss the remaining charges delineated hereafter in this
transcript. Parties stipulate that Defendant is a Level
Three for felony sentencing with six points. Charges to be
dismissed are misdemeanor child abuse and driving while
license revoked not impaired revocation. So is the plea
arrangement as set forth within this transcript and as I’ve
just described it to you correct as being your full plea
arrangement?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you now personally accept this
arrangement?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Other than the plea arrangement has
anyone promised you anything or has anyone threatened
you in any way to cause you to enter this plea against your
wishes?

 THE DEFENDANT: No, your Honor.

 THE COURT: Do you enter this plea of your own free
will, fully understanding what you’re doing?

 THE DEFENDANT: Yes, your Honor.

 THE COURT: Do you agree that there are facts to
support your plea and do you consent to the Court hearing
a summary of the evidence?

 THE DEFENDANT: Yes, your Honor.

 -7-
 STATE V. ZUBIENA

 Opinion of the Court

 THE COURT: All right. Miss Zubiena, do you have
 any questions about what I’ve just said to you or about
 anything else connected to your case?

 THE DEFENDANT: No, your Honor.

 THE COURT: Please swear her answers.

 The trial court sentenced Defendant to 10 to 21 months imprisonment,

suspended sentence, and placed her on 36 months supervised probation. The trial

court ordered Defendant, as a term of special probation, to serve a split sentence with

five months active imprisonment. The trial court further ordered Defendant to pay

a $1,000.00 fine, $402.50 in court costs, $180.00 in attorneys’ fees, $250.00 in

community service fees, and $60.00 in miscellaneous fees.

 After the trial court announced its judgment in open court, the following

exchange then took place:

 [DEFENSE COUNSEL]: Your Honor, the client would
 motion to strike her plea.

 THE COURT: Denied. You have any grounds? You don’t
 like the sentence?

 [DEFENSE COUNSEL]: We like [sic] to take it to trial.

 THE COURT: I don’t think that’s a grounds [sic] for
 striking a plea.

 [DEFENSE COUNSEL]: Yes, sir.

On 9 November 2015, Defendant filed notice of appeal.

 Analysis

 -8-
 STATE V. ZUBIENA

 Opinion of the Court

 Defendant argues on appeal that the trial court erred by denying her post-

sentencing motion to withdraw her guilty plea. Defendant is correct as a general

proposition that

 [i]f at the time of sentencing, the judge for any
 reason determines to impose a sentence other than
 provided for in a plea arrangement between the parties, the
 judge must inform the defendant of that fact and inform
 the defendant that he may withdraw his plea. Upon
 withdrawal, the defendant is entitled to a continuance
 until the next session of court.

N.C. Gen. Stat. § 15A-1024 (2015).

 In the present case, however, although neither party has raised the issue, we

note at the outset that this Court has held that “a defendant seeking review of the

trial court’s compliance with N.C. Gen. Stat. § 15A-1024 must obtain grant of a writ

of certiorari.” State v. Blount, 209 N.C. App. 340, 345, 703 S.E.2d 921, 925 (2011)

(emphasis added) (internal quotation marks omitted). This is so because “ ‘[i]n North

Carolina, a defendant’s right to appeal in a criminal proceeding is purely a creation

of state statute’ ” State v. Tinney, 229 N.C. App. 616, 619, 748 S.E.2d 730, 733 (2013)

(quoting State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002)), and “a

challenge to the procedures followed in accepting a guilty plea does not fall within the

scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an

appeal as of right. Defendants seeking appellate review of this issue must obtain

 -9-
 STATE V. ZUBIENA

 Opinion of the Court

grant of a writ of certiorari.” State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d

557, 558 (2006) (emphasis added) (internal citation and quotation marks omitted).

 “It is well-established that the issue of a court’s jurisdiction over a matter may

be raised at any time, even for the first time on appeal or by a court sua sponte.” State

v. Webber, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008). Here, Defendant has

not filed a petition for writ of certiorari. As a result, Defendant is not entitled to

appellate review of the denial of her motion to withdraw her post-sentencing guilty

plea and, as such, her appeal must be dismissed.2

 Conclusion

 For the reasons stated above, Defendant’s appeal is dismissed.

 DISMISSED.

 Judges DAVIS and INMAN concur.

 2 Defendant also argues for the first time on appeal that the fine imposed by the trial court
was excessive and violated her Eighth Amendment rights. However, it is well established that
“[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on
appeal.” State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). In any event, because we are
dismissing Defendant’s appeal, we need not address Defendant’s arguments on this issue.

 - 10 -