ENOCHS, Judge.
Ashley Meredith Zubiena ("Defendant") appeals from her conviction for assault by strangulation. On appeal, she contends that the trial court erred in denying her post-sentencing motion to withdraw her guilty plea and ordering her to pay a fine as part of her sentence. After careful review, we dismiss Defendant's appeal.
Factual Background
On 30 October 2015, a bill of information was filed charging Defendant with assault by strangulation of her two-year-old daughter.[1] On 2 November 2015, a plea hearing was held before the Honorable William H. Coward in Buncombe County Superior Court.
Prior to the hearing, Defendant entered into plea negotiations with the State. Ultimately, a plea arrangement was reached and set forth in a transcript of plea which provided, in pertinent part, as follows:
DEFENDANT SHALL PLEAD GUILTY TO ONE COUNT OF ASSAULT BY STRANGULATION. PURSUANT TO PLEA, THE STATE SHALL DISMISS THE REMAINING CHARGES DELINEATED HEREAFTER IN THIS TRANSCRIPT.
PARTIES STIPULATE DEFENDANT IS A LEVEL III FOR FELONY SENTENCING WITH 6 POINTS.
The transcript of plea further stated that the offenses of misdemeanor child abuse and driving while Defendant's driver's license was revoked were dismissed.
At the hearing, the following colloquy took place between the trial court and Defendant:
THE COURT: All right. Miss Zubiena, are you able to hear and understand me?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that you have the right to remain silent and that any statement that you make may be used against you?
THE DEFENDANT: Yes, your Honor.
THE COURT: What grade level can you read and write?
THE DEFENDANT: 12th.
THE COURT: Are you now under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances?
THE DEFENDANT: Yes, I'm under two prescriptions.
THE COURT: You're under two prescriptions?
THE DEFENDANT: Yes, your Honor.
THE COURT: And what are they?
THE DEFENDANT: Methadone and Alprazolam.
THE COURT: I got the first one. What's the next second one?
THE DEFENDANT: Alprazolam - Xanax.
THE COURT: Xanax?
THE DEFENDANT: Yes.
*577 THE COURT: All right. Have you taken those today?
THE DEFENDANT: Yes, your Honor.
THE COURT: And have you taken those in the lawfully prescribed dosages?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do either of those substances have any adverse effect on your ability to understand what's going on here today?
THE DEFENDANT: No, your Honor.
THE COURT: [Defense Counsel], would you confirm that as far as you know, she is not affected in her cognitive abilities by these prescription drugs?
[DEFENSE COUNSEL]: I confirm that, sir.
THE COURT: All right Miss Zubiena, have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge?
THE DEFENDANT: Yes, sir.
THE COURT: Have you and your lawyer discussed the possible defenses, if any, to the charges?
THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied with your lawyer's legal services?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that you have the right to plead not guilty and to be tried by a jury?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that at such trial, you have the right to confront and cross-examine the witnesses against you?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that at a jury trial you have the right to have a jury determine the existence of any aggravating factors that may apply to your case beyond a reasonable doubt?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that by your plea you give up these and other valuable Constitutional rights to a jury trial?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that if you're not a citizen of the United States of America, your plea of guilty may result in your deportation from this country, your exclusion from admission to this country, or the denial of your naturalization under Federal law?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that upon conviction of a felony, you may forfeit any state licensing privileges you have in the event you refuse probation or if your probation is revoked?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that following a plea of guilty there are limitations on your right to appeal?
THE DEFENDANT: Yes, your Honor.
THE COURT: You understand that your plea of guilty may impact how long biological evidence relating to your case; for example, blood, hair, or skin tissue will be preserved?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that you're pleading guilty to the charge of assault by strangulation which occurred on May 22, 2014 which is a Class H felony for which the maximum punishment is 39 months?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you now personally plead guilty to the charge that I just described?
THE DEFENDANT: Yes, your Honor.
THE COURT: Are you, in fact, guilty?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you understand that you also have the right during a sentencing hearing to prove to the Court the existence of any mitigating factors which may apply to your case?
THE DEFENDANT: Yes, your Honor.
THE COURT: You understand that the Courts have approved the practice of plea arrangements, and you can discuss your plea arrangement with me without fearing my disapproval?
THE DEFENDANT: Yes, your Honor.
*578 THE COURT: Have you agreed to plead guilty as part of a plea arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: The Prosecutor and your lawyer have informed the Court these are all the terms and conditions of your plea. Defendant shall plead guilty to one count of assault by strangulation. Pursuant to plea, the State shall dismiss the remaining charges delineated hereafter in this transcript. Parties stipulate that Defendant is a Level Three for felony sentencing with six points. Charges to be dismissed are misdemeanor child abuse and driving while license revoked not impaired revocation. So is the plea arrangement as set forth within this transcript and as I've just described it to you correct as being your full plea arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you now personally accept this arrangement?
THE DEFENDANT: Yes, your Honor.
THE COURT: Other than the plea arrangement has anyone promised you anything or has anyone threatened you in any way to cause you to enter this plea against your wishes?
THE DEFENDANT: No, your Honor.
THE COURT: Do you enter this plea of your own free will, fully understanding what you're doing?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you agree that there are facts to support your plea and do you consent to the Court hearing a summary of the evidence?
THE DEFENDANT: Yes, your Honor.
THE COURT: All right. Miss Zubiena, do you have any questions about what I've just said to you or about anything else connected to your case?
THE DEFENDANT: No, your Honor.
THE COURT: Please swear her answers.
The trial court sentenced Defendant to 10 to 21 months imprisonment, suspended sentence, and placed her on 36 months supervised probation. The trial court ordered Defendant, as a term of special probation, to serve a split sentence with five months active imprisonment. The trial court further ordered Defendant to pay a $1,000.00 fine, $402.50 in court costs, $180.00 in attorneys' fees, $250.00 in community service fees, and $60.00 in miscellaneous fees.
After the trial court announced its judgment in open court, the following exchange then took place:
[DEFENSE COUNSEL]: Your Honor, the client would motion to strike her plea.
THE COURT: Denied. You have any grounds? You don't like the sentence?
[DEFENSE COUNSEL]: We like [sic] to take it to trial.
THE COURT: I don't think that's a grounds [sic] for striking a plea.
[DEFENSE COUNSEL]: Yes, sir.
On 9 November 2015, Defendant filed notice of appeal.
Analysis
Defendant argues on appeal that the trial court erred by denying her post-sentencing motion to withdraw her guilty plea. Defendant is correct as a general proposition that
[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
N.C. Gen. Stat. § 15A-1024 (2015).
In the present case, however, although neither party has raised the issue, we note at the outset that this Court has held that "a defendant seeking review of the trial court's compliance with N.C. Gen. Stat. § 15A-1024 must obtain grant of a writ of certiorari." State v. Blount, 209 N.C. App. 340, 345, 703 S.E.2d 921, 925 (2011) (emphasis added) (internal quotation marks omitted). This is so because "`[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute'" State v. Tinney, 229 N.C. App. 616, 619, 748 S.E.2d 730, 733 (2013) (quoting State v. Pimental, 153 N.C. App. 69, *579 72, 568 S.E.2d 867, 869 (2002)), and "a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as of right. Defendants seeking appellate review of this issue must obtain grant of a writ of certiorari." State v. Carriker, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006) (emphasis added) (internal citation and quotation marks omitted).
"It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte." State v. Webber, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008). Here, Defendant has not filed a petition for writ of certiorari. As a result, Defendant is not entitled to appellate review of the denial of her motion to withdraw her post-sentencing guilty plea and, as such, her appeal must be dismissed.[2]
Conclusion
For the reasons stated above, Defendant's appeal is dismissed.
DISMISSED.
Judges DAVIS and INMAN concur.

Though the pertinent charging documents are not included in the record, it also appears from the transcript of plea that Defendant was simultaneously charged with misdemeanor child abuse and driving with a revoked driver's license.

Defendant also argues for the first time on appeal that the fine imposed by the trial court was excessive and violated her Eighth Amendment rights. However, it is well established that "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." State v. Lloyd, 354 N.C. 76, 86-87, , 607 (2001). In any event, because we are dismissing Defendant's appeal, we need not address Defendant's arguments on this issue.